STATE of Missouri, Plaintiff-Respondent,

v.

Curtis Lee TIPPETT, Defendant-Appellant.

No. 36811.

Missouri Court of Appeals, St. Louis District, Division Three.

June 29, 1976.

Daniel P. Reardon, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, Richard G. Callahan, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted for illegal possession of heroin. The only issue on appeal is whether the trial leading to his conviction placed defendant twice in jeopardy in violation of his constitutional guarantees. We

**2.** Rule 73.01—subdivision 3(b).

find defendant's right against double jeopardy was not violated, and we affirm the judgment.

Defendant's charge of double jeopardy is a result of the disqualification of a juror and declaration of mistrial by the trial court in the first trial of defendant for the illegal possession of heroin. In the first trial, one of the jurors advised the court that during the trial she had become aware that she had known the defendant and that her children had several years previously been friends of the defendant. On examination by the court, the prosecutor, and defendant's counsel, the juror stated that because she had known the defendant and his family that she "would not want to be committed. I would not want to say whether he was guilty or not guilty. I would not want that on my conscience." The juror also expressly stated that she would be hesitant to return a verdict of guilty because of fear of something happening to her if she found defendant guilty, although she indicated that she would not be able to find the defendant not guilty either. The defendant refused to accept less than twelve jurors for his trial, and defendant's counsel stated that "I had better ask for a mistrial until we can solve all the problems." However, the trial court on its own motion declared a mistrial based on the statements of the juror and issued instructions for a new panel of veniremen. On the same day of the mistrial, a new trial was commenced resulting in a guilty verdict against defendant. Prior to the commencement of the second trial, defendant's counsel moved for dismissal of the information against defendant, raising the double jeopardy issue. It is from the trial court's denial of the motion to dismiss that defendant has appealed.

A defendant's protection against being put twice in jeopardy for the same offense is guaranteed under the Fifth Amendment of the United States Constitution [1] and is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707, 716 (1969); *State v. Aguilar,* 478 S.W.2d 351, 353 (Mo.1972).[2] The protection against double jeopardy represents a "policy of finality for the defendant's benefit." *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543, 553 (1971); *State v. Aguilar,* supra at 354. However, "[t]he double jeopardy clause does not guarantee a defendant that in all circumstances the government will be prepared to vindicate the social interest in law enforcement through the vehicle of a single proceeding for a given offense." *State v. Aguilar,* supra at 354. The Supreme Court of the United States has consistently recognized that "a defendant's valued right to have his trial completed by a particular tribunal must in some circumstances be subordinated to the public's interest in fair trials designed to end in just judgments." *United States v. Jorn,* supra, quoting from *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974, 978 (1949). We cannot indite a precise or rigid formula for determining when a jury may be discharged and a new trial ordered without a defendant's consent and without running afoul of the double jeopardy rule. *United States v. Jorn,* supra, 400 U.S. at 480, 91 S.Ct. 547; *Wade v. Hunter,* supra, 336 U.S. at 690, 69 S.Ct. 834. But the flexible standard that has been applied since 1824 has been that demonstrated as "manifest necessity":

> "[I]n all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the sub-

1. "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

2. Art. 1, § 19, Constitution of Missouri provides:

"[N]or shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury."

ject; and it is impossible to define all the circumstances which would render it proper to interfere." *United States v. Perez*, 22 U.S. (9 Wheaton) 579, 6 L.Ed. 165 (1824).

See *United States v. Dinitz*, —— U.S. ——, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); *United States v. Jorn*, supra, 400 U.S. 470, 481, 91 S.Ct. 547, 555, 27 L.Ed.2d 545, 554; *Wade v. Hunter*, supra, 336 U.S. 684, 690, 69 S.Ct. 834, 837, 93 L.Ed. 974, 979; *Thompson v. United States*, 155 U.S. 271, 274, 15 S.Ct. 73, 74, 39 L.Ed. 146, 149 (1894); *State v. Aguilar*, supra at 355.

It has been established that a circumstance where it is appropriate to order a new trial is when the court learns that a member of the jury might be biased against the government, *Simmons v. United States*, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891), or the defendant. *Thompson v. United States*, supra. Accord, *Downum v. United States*, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100, 102 (1963); *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974, 978 (1949); Anno., 6 L.Ed.2d 1510, 1516–1517 (1961). The case before us fits into the foregoing cited cases, in that it was discovered, after jeopardy had attached,[3] that a juror had known the family of the accused and therefore did not want to serve as a juror. But the juror did not express a particular bias in favor of one party, for although the juror stated that she would be hesitant to find defendant guilty, she also indicated that it would be "on her conscience" to find him not guilty. Yet, she related that her hesitance stemmed from fear, and we presume that she was afraid of retaliation in the event that defendant was found guilty. Under the circumstances, we believe that the trial judge acted wisely and properly in declaring a mistrial on his own motion.

Sections 546.100–.150, RSMo 1969 list a few narrow grounds for disqualifying jurors. However, these statutory disqualifica-

tions are not exclusive; to be a competent juror it is necessary to be disinterested and free from bias or prejudice. *State v. De-Clue*, 400 S.W.2d 50, 56 (Mo.1966); *State v. Holliman*, 529 S.W.2d 932, 941 (Mo.App. 1975), and concurring opinion of Simeone, J., at p. 943.

There are three factors to be considered in determining prejudice on the part of a prospective juror: 1) how well the juror knew the person recognized; 2) whether the juror gave an intentionally inaccurate answer on voir dire; and 3) the juror's own statement as to whether she would be influenced. *State v. Armstrong*, 445 S.W.2d 367, 368 (Mo.1969); *State v. Mullen*, 528 S.W.2d 517, 521 (Mo.App.1975). Here, the juror's association with defendant was very tenuous; she never gave an inaccurate answer, since the question of her association with defendant was not raised on voir dire; and she acknowledged her acquaintance with defendant as soon as she realized it. But the third factor as to the juror's bias is determinative of this case. The juror stated she could not find defendant guilty and was even uncertain about finding him innocent. She simply was not capable of acting as a disinterested juror.

The trial court has wide discretion in determining the qualifications of a juror. *State v. Johnson*, 534 S.W.2d 844, 846 (Mo. App.1976); *State v. Murphy*, 533 S.W.2d 716, 717 (Mo.App.1976); *State v. Hicks*, 530 S.W.2d 396, 398 (Mo.App.1975); *State v. Brauch*, 529 S.W.2d 926, 931 (Mo.App.1975). Under the circumstances, we believe the trial court exercised sound discretion in finding that the juror here was not a competent juror. And, having found that one of the jurors was not qualified, there was the requisite "manifest necessity" to discharge the jury and order a retrial upon defendant's refusal to proceed with less than twelve jurors.[4] Therefore, there can be no plea of former jeopardy.

---

3. Jeopardy attaches when a person is placed on trial and a jury is sworn to try the case. *State v. Miller*, 331 Mo. 675, 56 S.W.2d 92, 95 (1932); *State v. Keating*, 223 Mo. 86, 122 S.W. 699, 701 (Mo.1909).

4. Compare *State v. McGee*, 447 S.W.2d 270, 273 (Mo. banc 1969).

We believe that our decision is in harmony with the rationale of the Double Jeopardy Clause. The underlying policy "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *United States v. Jorn,* supra, 400 U.S. at 479, 91 S.Ct. at 554, quoting from *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957). See *United States v. Dinitz,* supra, 96 S.Ct. at 1080. However, the evil giving rise to the curative Double Jeopardy Clause does not exist here.

It was within the sound discretion of the trial court guided by the polestar of "manifest necessity" to determine whether a mistrial should be declared and the jury discharged in a case of this nature. *United States v. Dinitz,* supra; *United States v. Jorn,* supra; *United States v. Perez,* supra; *State v. Aguilar,* supra. Under the circumstances of this case, a manifest necessity existed for discharging the jury, and no violation of the Double Jeopardy Clause occurred as a result of the trial ending in defendant's conviction.[5]

The judgment is affirmed.

SIMEONE, P. J. and RENDLEN, J., concur.

---

5. In view of the basis for the decision reached, we need not deal with the State's contention that the defendant consented to the mistrial.