STATE of Missouri, Respondent,

v.

Carl Alexander DAVIS, Appellant.

No. WD 32290.

Missouri Court of Appeals,
Western District.

Nov. 17, 1981.

K. Stanley Clay, Asst. Public Defender,
Columbia, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Carl Davis was found guilty by a jury of burglary in the second degree and stealing, §§ 569.170 and 570.030, RSMo 1978. On finding Davis to be a persistent offender, the court sentenced him to ten years imprisonment on each count with the sentences to be served concurrently.

On this appeal Davis raises questions concerning the seizure of boxes from the back seat of the car in which he was riding; the denial of a motion for continuance; the giving of certain instructions and the failure to instruct on trespass. Affirmed.

Davis does not question the sufficiency of the evidence. About midnight on July 7, 1980, Michael Ladd left his apartment and observed two men in a car pull up to the rear area of an auto parts store. He saw them look around the area then open the door of the store and saw one of the men enter. He then saw the man who had entered the store handing boxes out of the back door to the other man who put them into the car. Some of the boxes were put into the trunk and some into the back seat. Ladd called the police and then returned to a position where he could observe the two men still loading boxes from the store. The men entered the car and drove off with Ladd still able to see them. He obtained the personalized license words, and while still observing the car, a police officer arrived. Ladd gave him the license wording and pointed out the car to the officer. The officer then stopped the car and Davis got out from the passenger side and approached the police car. The officer placed Davis and the driver under arrest. The officer observed several boxes in the back seat and these were removed and taken to the police station where they were later identified by the manager of the auto parts store as having come from his store.

■ Davis first contends the court erred in overruling his pretrial motion to suppress the evidence of the boxes which were taken from the back seat of the car because they were taken by an illegal search and seizure. There are at least two reasons why the boxes were properly seized by the officer at the time of the arrest, those being, a lack of standing on the part of Davis and the fact the boxes were in plain view. However, a recent decision by the United States Supreme Court has simplified questions of search and seizure of the passenger compartment of an automobile contemporaneous with a lawful arrest. In *New York v. Belton*, —— U.S. ——, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the court stated at 2864[2, 3]:

"[T]hat when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a. contemporaneous incident of that arrest, search the passenger compartment of that automobile."

In this case Davis does not question the legality of his arrest and the boxes were seized contemporaneously with that arrest. Thus, it is clear under *Belton* that the boxes were seized within the rule announced therein and were properly admitted in evidence, together with their contents. *Belton* at 2864, n.4.

Davis next contends the court erred in failing to grant a continuance so that he could obtain the testimony of the other person with him who was the driver. After the State had rested, counsel for Davis moved for a continuance because the driver failed to appear. A subpoena had been issued for him, but a return showed that he had not been served. Davis testified for the limited purpose of trying to establish that the driver would testify favorably toward him if he were present, however, this testimony was equivocal to say the least and established only that the driver had told Davis that he would try to get him out of this mess. Davis was asked if anything more specific had been said and stated that

he couldn't hear any more because the man had talked almost in a whisper. Nothing further was presented as to what the man would say if he were present and testified.

■ In *State v. Reece*, 505 S.W.2d 50, 52[2–6] (Mo.1974) the court held that an application for continuance is addressed to the discretion of the trial court and appellate courts will not interfere unless there has been an abuse of that discretion. The court held this rule applies when the continuance is sought to enable a defendant in a criminal case to present absent material witnesses under subpoena. The court stated:

"In this connection, a conviction will not be set aside unless it is reasonably probable that a different result would have obtained if the absent witnesses had testified."

Here, the absent witness was not under subpoena and no information was given the court as to what his testimony would be if he were present. It cannot be said that the court abused its discretion in failing to grant a continuance. Certainly it cannot be said that it is reasonably probable that a different result would have obtained if the absent driver had appeared.

Davis further contends the court erred in giving the instruction dealing with burglary and the instruction dealing with stealing because the elements of burglary and stealing were contained in the instruction rather than being submitted in a separate instruction. Davis points out that Note 5 under MAI–CR2d 2.12 requires that a separate instruction defining the offense initially contemplated must be given. MAI–CR2d 2.12 was given because of the evidence that Davis acted with another person in committing the offense. The approved form calls for the offense to be only briefly identified in the first paragraph, and, as stated, Note 5 requires a separate instruction to set out fully the elements of the offense briefly identified in 2.12. Davis contends that because the elements of burglary and stealing were stated in 2.12 by modification and not in a separate instruction, that error occurred which requires reversal. An identi-

cal situation was presented in *State v. Clark*, 607 S.W.2d 817, 820 (Mo.App.1980). The court in *Clark* pointed out that the requirement of Note 5 under 2.12 appears to be in conflict with Note 2 (fifth) under MAI–CR2d 2.04 which requires that in all verdict directing instructions all essential elements of the offense are to be submitted in numbered paragraphs. In *Clark* the court held that by reason of the apparent conflict in the Notes on Use under 2.04 and 2.12, the insertion of the elements of burglary in an instruction in the form of 2.12 may have been error, but under Rule 28.-02(e) there was no prejudice.

■ In this case, while listing the elements of burglary and stealing in instructions in the form of 2.12 may have been error, Davis fails to demonstrate any prejudice and this court cannot find that any prejudice resulted.

■ Davis finally contends that trespass in the first degree and trespass in the second degree are lesser included offenses of the charge of burglary in the second degree and the court was, therefore, required to instruct on trespass in the first and second degree as lesser included offenses of burglary in the second degree. This court has recently examined this contention in *State v. Neighbors*, 613 S.W.2d 143 (Mo.App.1980). There it was concluded that trespass in the first degree under § 569.140 is a lesser included offense of burglary in the second degree under § 569.-170, but that trespass in the second degree under § 569.150 is not. The court pointed out, however, that § 556.046.2 provides that the court is not obligated to instruct the jury on lesser included offenses unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser included offense.

■ The only evidence in this case was presented by the State which showed the commission of the crime of burglary in the second degree. There was no evidence from which the jury could find that the auto parts store was entered without any intent to commit a crime therein which

would be necessary to convict of trespass in the first degree. Thus, there was no requirement that the court instruct the jury on the lesser included offense of trespass first degree.

The judgment is affirmed.

All concur.