**STATE of Missouri, Respondent,**

v.

**Anthony Lamont WALTERS, Appellant.**

**No. WD 32853.**

Missouri Court of Appeals,
Western District.

May 18, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 23, 1982.

Russell C. Still, Columbia, for appellant.

John Ashcroft, Atty. Gen., and Melinda Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Anthony Lamont Walters was convicted upon jury trial of second-degree burglary, § 569.170, RSMo 1978,[1] and of stealing property having a value of at least $150, § 570.030 (Cum.Supp.1981). As a persistent offender, § 558.016 (Cum.Supp. 1981), he was sentenced by the court to a term of 15 years' imprisonment on the burglary conviction and 15 years' imprisonment on the stealing conviction, the sentences to run consecutively.

On this appeal, appellant complains that the trial court erred in overruling his motion to suppress certain property claimed to have been secured by the police through an unlawful search and seizure; that the trial court erred in failing to instruct on first-degree trespass, § 569.140; and that the trial court erred in failing to instruct on the offense of stealing property having a value of less than $150.

We do not find any of appellant's points to be well founded and we affirm the judgment of conviction.

The facts of the case are as follows:

At about midnight on April 3, 1980, a Mr. Ladd from a nearby vantage point observed two men open an overhead garage door of Columbia Auto Parts in Columbia, Missouri. One of the men stepped inside and handed boxes out to the other, who placed them in the trunk and in the back seat of their automobile. The automobile was silver in color with a red vinyl top.

The witness went to a phone in his apartment and reported the burglary in progress to the police, then returned to his observation post. Apparently the men first filled the trunk of the automobile, then placed the final three or four boxes in the back seat. They then closed the garage door and drove away. As they drove away, Mr. Ladd took note of the license plate which said, "T–REDD".

Columbia Police Officer Greg Tilford responded to the burglary call. As he neared the scene, he was flagged down by Ladd, who pointed out the culprits' car. The car was still in sight, headed east on Broadway. Officer Tilford followed it until it turned off Broadway and parked on Sixth Street. Officer Tilford pulled up behind the parked car, got out of his patrol car and approached the parked car on the driver's side. A passenger got out of the car on the passenger side. The driver proved to be the defendant Walters. Walters got out of the car at the officer's request. Officer Tilford testified: "I observed three cardboard-type boxes in the rear seat of the vehicle in plain view, one of which was marked Proto Tool Division".

Officer Tilford was now joined by two other police officers, Sergeant Rowe and Officer Roberts. Tilford removed the three boxes from the back seat of defendant's automobile and placed them on the sidewalk. He opened one of them. The evidence is not clear specifically what that box contained, but all the boxes contained automobile tools, most of them—perhaps all of them—socket wrenches. The cardboard boxes were all sealed and opening them involved "rip[ping] the glue or cardboard paper."

The three boxes of tools located in the rear seat of defendant's car were not placed in evidence, and they are not involved in this appeal.

Defendant's car was locked and left parked along the side of the street where it had stopped. Defendant and his companion—who had gotten out of the car as Officer Tilford had approached, but who evi-

1. All statutory references are to RSMo 1978.

dently had stayed in the vicinity—were taken to the police station.[2]

William Carter, manager of Columbia Auto Parts, was called. Upon surveying the store, they discovered the building had been forcibly entered and several boxes of automobile tools were missing. These boxes of tools were from Ingersoll-Rand Proto Division and were so labeled. The tools were intended for a spring merchandising promotion.

Sergeant Rowe took the keys to appellant's automobile from the police station. He opened the trunk of appellant's car, which was still parked at the side of the street where appellant had been arrested. Inside the trunk were eleven cardboard boxes like the ones which had been found in the rear seat of the defendant's automobile. One of the cartons had been opened but the others were closed and sealed and had never been opened. In the hearing on the motion to suppress, Mr. Carter said that he and Officer Holmes saw the boxes in the trunk of defendant's car after Sergeant Rowe had opened it. He could tell they were the boxes stolen from Columbia Auto Parts. One of them had Columbia Auto Parts' name on it and all of them indicated that they came from Ingersoll-Rand Proto Division. Except for the one opened box— which had been opened in the store by an employee—all the boxes were closed and sealed and had never been opened.

Sergeant Rowe removed the cardboard boxes from the trunk of defendant's car, and hauled them in the police car to the police station. Mr. Carter came to the police station and opened the boxes.

*Unreasonable search and seizure of the contents of boxes, where boxes had been stolen and were not claimed by defendant.*

■ Appellant's complaint here is not directed to the warrantless search of the automobile trunk and the seizure of the closed, sealed boxes. His complaint is aimed rather at the opening of the boxes by Mr. Carter at the police station and the refusal of the trial court to suppress the contents thereof.

Appellant cites for his position a number of cases where the seized objects were contained in a container of some description—a locked footlocker, *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); a suitcase, *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) opaque polyethylene bags, *United States v. Rivera*, 486 F.Supp. 1025 (N.D. Texas 1980), *aff'd*, 654 F.2d 1048 (5th Cir. 1981); opaque plastic wrapping, *Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). In all these cases, the evidence was required to be suppressed. In each case, it appeared that the defendant had placed the property sought to be suppressed in the container or wrapping.

In none of the cases cited by appellant, however, is the *container* shown to have belonged to another. In our case, the container did not belong merely to some other person, but was itself a part of the stolen property. In *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980), the Supreme Court of the United States cited *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), as "abandon[ing] a separate inquiry into a defendant's 'standing' to contest an allegedly illegal search in favor of an inquiry that focused directly on the substance of the defendant's claim that he or she possessed a 'legitimate expectation of privacy' in the area searched". In *Rawlings* the court approved a holding of the Supreme Court of Kentucky that defendant in the circumstances there shown had no "legitimate or reasonable expectations of privacy" in a purse belonging to a woman in whose house he was a guest, into which he had dumped a quantity of illegal drugs. *See also U. S. v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

There was plenty of evidence that the boxes themselves and their contents had been stolen, minutes before the arrest, from Columbia Auto Parts. Defendant had no legitimate expectation of privacy in the in-

**2.** The case of the passenger is reported in *State*       *v. Davis*, 625 S.W.2d 903 (Mo.App.1981).

terior of the boxes. The defendant did not claim at any time to be the owner of the boxes or their contents. If he made such a claim, it was up to him to assert it. "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure". *Rakas v. Illinois,* supra 439 U.S. at 130, n.1, 99 S.Ct. at 423, n.1.[3]

The defendant here, whether on a "standing" analysis, or on a "legitimate expectation of privacy" analysis, was not entitled to suppression of the contents of the boxes.

We hold that the trial court did not err in overruling defendant's motion to suppress.

*Trespass first degree as lesser included offense of burglary second degree; necessity of instruction.*

■ Appellant next argues that the court erred in failing to instruct on trespass in the first degree, § 569.140, as a lesser included offense of burglary second degree, of which the defendant was convicted.

It is true that first-degree trespass is a lesser included offense of burglary second degree. Trespass in the first degree becomes burglary second degree when the element of the trespasser's "purpose of committing a crime therein" is added. See Proposed Criminal Code of Missouri, § 14.-170, Burglary in the Second Degree, Comment (1973). But in non-homicide cases, lesser included offenses need be instructed upon only if "there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense", § 556.046.

In this case the evidence of the stealing of the tools and the evidence of defendant's presence in the building were so inextricably connected that one cannot reasonably accept the trespass and reject the added element of "purpose to commit a crime". The evidence showed no ambiguity in defendant's purpose in being in Columbia Auto Parts' store. In such a case there is no basis for an instruction on the lesser included offense of first-degree trespass. Judge Prewitt wrote in *State v. Harris,* 598 S.W.2d 200, 203 (Mo.App.1980):

Where the evidence shows that the defendant was either guilty of the offense charged or guilty of no offense at all, there is no evidence to support the submission of a lesser included offense. *State v. Martin,* 484 S.W.2d 179, 181 (Mo. 1972); *State v. Craig,* 433 S.W.2d 811, 815 (Mo.1968). Where proof of defendant's guilt of the offense charged is strong and substantial, and the evidence clearly showed the commission of the more serious crime, it is not necessary to instruct on a lesser included offense. *State v. Craig* [433 S.W.2d 811, 815–816 (Mo. 1968)].

The foregoing language is descriptive of the situation in the present case, and we hold that the trial court did not err in omitting a first-degree trespass instruction. For a similar analysis, see *State v. Davis,* 625 S.W.2d 903, 905–906 (Mo.App.1981).

*Necessity of instruction on stealing property worth less than $150 when all evidence was of greater value.*

■ For his third point, appellant claims the court erred in failing to instruct on the "lesser included offense of stealing property of a value under $150".

The only evidence of value in the case was that the property was worth substantially more than $150. There was no evidence at all that its value was less than $150. In that case the trial court was not required to instruct upon the stealing of property of the lesser value. *State v. McGraw,* 571 S.W.2d 802 (Mo.App.1978); *State v. Thornton,* 557 S.W.2d 1 (Mo.App. 1977); *State v. Davis,* 544 S.W.2d 600 (Mo. App.1976).

The judgment is affirmed.

All concur.

---

**3.** The present case involves no question about the burden of proof upon a motion to suppress evidence alleged to have been secured by unlawful seizure. Hence we are not faced with any need to consider the effect of § 542.296.6 in a case where the ownership and source of the container are not clear. See *State v. Peterson,* 583 S.W.2d 277, 280 (Mo.App.1979).