**STATE of Missouri, Defendant-Respondent,**

v.

**Veophilus BLACK, Defendant-Appellant.**

**No. 47757.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1984.

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-appellant.

Leonard C. Hayden, Asst. Public Defender, Clayton, for defendant-respondent.

KAROHL, Judge.

On August 14, 1984 this court issued an opinion in this case dismissing the appeal for lack of jurisdiction as untimely filed. The prior opinion is hereby withdrawn and defendant-appellant's motion for leave to file a late appeal is granted. We address the merits and affirm defendant-appellant's conviction for burglary second degree, § 569.170 RSMo 1978 and fifteen-year sentence.

After a home was burglarized on October 19, 1982 defendant's driver's license was found in the front yard and his fingerprints were detected on broken glass found on a rear basement window, the point of entry. The next day, between 12:00 noon and 2:20 p.m., defendant was arrested and gave a police officer a statement of his involvement. The statement was not a confession or admission of guilt. Defendant acknowledged his presence at the scene of the burglary and that he went into the house but denied he took any of the appliances and other personal property that were stolen.

Appellant argues that the trial court erred in failing to suppress his statement which was made without an attorney present. He also claims the motion for judgment of acquittal at the end of all the evidence should have been granted as there was insufficient evidence of guilt. Finally defendant contends that the court should

889

have submitted to the jury an instruction on trespass in the first degree, a lesser included offense to the charge of burglary.

We find appellant's three points on appeal are without merit.

■ The trial court properly overruled defendant's motion to suppress his statement. Defendant gave the statement freely, knowingly and voluntarily. His *Miranda* rights were carefully protected. A Warning and Waiver Form was explained point for point, and defendant initialed each point. He signed the waiver and thereafter made an oral statement. No objection was made when the form was offered in evidence.

The state met its burden to prove the statement was voluntary by showing the defendant was informed of his constitutional rights prior to the statement and that he understood those rights. *State v. Boyer*, 646 S.W.2d 876, 879–880 (Mo.App.1983). Nothing occurred to deprive defendant of his free choice to speak or remain silent. *See State v. Buckles*, 636 S.W.2d 914, 923 (Mo. banc 1982). Further, defendant produced no evidence to establish that by reason of ignorance or disability the waiver was not freely and knowingly given. *See State v. Sherrill*, 657 S.W.2d 731, 740 (Mo.App.1983). There was no court error in failing to suppress defendant's statement.

Since the statement was properly admitted defendant's second point that the state failed to make a submissible case if the statement is disregarded must also fail.

■ Defendant's final point claims instructional error. He contends the court erred in failing to submit a requested instruction on the lesser included offense of trespass in the first degree. § 569.140 RSMo 1978. Trespass in the first degree under § 569.140 RSMo 1978 is a lesser included offense of burglary in the second degree. *State v. Davis*, 625 S.W.2d 903, 905 (Mo.App.1981). An instruction on a lesser included offense is required only where there is an evidentiary basis for an acquittal on the charged offense. § 556.-046.2 RSMo 1978; *State v. Beckmeyer*, 662 S.W.2d 897, 899 (Mo.App.1983). By his own statement defendant entered the house for the purpose of stealing. He denied taking any property only because there was none there worth taking. The evidence was of a burglary not a trespass and the instruction was properly refused. *State v. Davis*, 625 S.W.2d 903, 905–906 (Mo.App.1981).

We affirm.

REINHARD, C.J., and CRANDALL, J., concur.