STATE of Missouri, Respondent,

v.

Angela FRANKS, Appellant.

No. 48508.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 5, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 17, 1985.

Application to Transfer Denied
Feb. 18, 1986.

William L. Webster, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel P. Finney, Jr., St. Louis, for appellant.

SIMON, Presiding Judge.

Angela Franks, defendant, was tried before a jury on charges of murder, second degree (Count I), § 565.021 RSMo 1978, and conspiracy to commit capital murder (Count II), § 564.016 RSMo 1978. Defendant was acquitted on the conspiracy charge but was convicted of murder second degree, and sentenced to a term of twenty years. On appeal, defendant contends that the trial court erred in: (1) overruling her motion to dismiss Count I (murder second degree) on grounds of prosecutorial vindictiveness; (2) overruling her motion to dismiss both counts on grounds of double jeopardy; and failing to give an instruction on a lesser included offense. We affirm.

The defendant does not contest the sufficiency of the evidence. We will give a brief rendition of pertinent facts in a light most favorable to the verdict. Defendant, a sales representative and agent of the John Hancock Insurance Company for ten years, was assigned a specific geographic area in which she was to sell increased benefits to present policy holders and to develop new clients through references and canvassing by phone and personal solicitation. In that capacity, she sold life insurance policies to Onzell Williams in October, 1975 and Reginald McGlorn in June, 1979. As the selling agent, she was responsible for completion of all necessary paper work concerning the policies including recordation of the requested beneficiaries of the insured and subsequent changes in beneficiaries or coverage. Shortly after the initial policies were issued, the beneficiaries named in the McGlorn and Williams policies were changed. The substituted beneficiaries were known to be acquaintances or friends of the defendant. As agent, she handled the change in beneficiary documents and then submitted them to her home office. Her signature and agent number appeared on each document.

In May, 1979, Onzell Williams was shot shortly after his original designated beneficiary was replaced by another person known to be an acquaintance of the defendant. However, death did not result and no claim was made on the policy. In July, 1979, Reginald McGlorn was shot and killed. The killing and the filing of the claim occurred within two years of issuance of the policy. The insurance company exercised its right, pursuant to the terms of the policy, to delay payment and investigate the claim. During its investigation, the insurance company found evidence of forging of the signatures on the Williams and McGlorn change of beneficiary forms. Further, suspicion was raised as to the signature on the Williams application for insurance. The company investigator turned the information over to the police department. Subsequently, the defendant was dismissed from her job.

The defendant was indicted on a charge of conspiracy to commit capital murder in the shooting of Onzell Williams. Due to the unavailability of Sharon McGlorn, sister of the victim, and Roslyn Hill, witnesses for the state, whose testimony was considered essential to a conviction of second degree murder, the state did not, at that time, seek an indictment for the murder of Reginald McGlorn. The conspiracy case was tried and a jury found the defendant guilty of conspiracy to commit capital murder. On appeal, this court reversed and remanded the case on grounds of prejudicial error in the submission of an improper instruction to the jury and improper

remarks during the prosecutor's closing argument. *State v. Franks,* 643 S.W.2d 624 (Mo.App.1982).

Following the reversal, but before the case was tried on remand, the state secured an indictment against the defendant for second degree murder in the shooting death of Reginald McGlorn. Defendant's petition to sever the two charges was denied. The subsequent trial ended in a hung jury. A second trial prematurely ended in a mistrial. Finally, the case was tried and defendant was convicted of the second degree murder charge and acquitted of the conspiracy charge. Defendant now appeals that conviction.

Submitted with this appeal is defendant's motion to incorporate the transcript of her prior appeal as part of this record as evidence of prosecutorial vindictiveness. We have read the opinion in *State v. Franks,* id. and are cognizant of the statements made by the prosecutor in the closing argument of that case. Therefore, it is not necessary to incorporate that transcript. The motion is denied.

In her first point, the defendant argues that the trial court erred in denying her motion to dismiss the murder count on the grounds of prosecutorial vindictiveness. She contends that the second indictment was sought solely to punish her for the successful exercise of her constitutional right to appeal the conspiracy conviction. In support of her position, she contends that the state did not present any new evidence or witnesses to show why the indictment for murder should not have been sought at the same time as the conspiracy indictment. She alleges the second indictment was intended solely to chill defendant's constitutional rights. We disagree.

 We do not find the state's actions traceable to the defendant's successful appeal. So long as the prosecutor has probable cause to believe the accused committed an offense defined by statute, the decision of whether or not to prosecute, and what charges to file or bring before a grand jury generally rests in his discretion. *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed. 604 (1978). The prosecutor retains the discretion to decide which charges are to be prosecuted at the same time. *U.S. v. Partyka,* 561 F.2d 118 (8th Cir.1977).

The United States Supreme Court has found constitutional violations in those cases where a defendant having successfully exercised his constitutional rights was then punished by imposition of a harsher sentence upon retrial for the same offense, *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), or by indictments for more serious charges than those previously brought for the same act or occurrence. *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). That is not the situation here. As aforementioned, the defendant was originally tried for conspiracy to commit capital murder stemming from the shooting of Onzell Williams. The subsequent indictment, the charge of second degree murder, was brought in connection with the shooting death of Reginald McGlorn.

 This is not a case where a prosecutor has enlarged the original charge to a more serious charge. The facts here indicate that the prosecutor sought a subsequent indictment for an act, the McGlorn killing, different from that for the conspiracy, the Williams shooting. The test is whether the state had reason to bring charges other than to punish the defendant for exercising his constitutional rights. *See U.S. v. Krezdorn,* 718 F.2d 1360 (5th Cir.1983) and *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir.1977). The trial court, upon hearing the evidence on the motion to dismiss, concluded that the securing of the subsequent indictment was not based upon any desire to punish the defendant for his successful appeal, but rather that necessary witnesses, Sharon McGlorn and Roslyn Hill, became available subsequent to

the conspiracy conviction. We find no error in this conclusion. Point I is without merit.

In her second point on appeal, the defendant contends that the trial court erred in denying the defendant's motion to dismiss Counts I and II on grounds of double jeopardy. She contends that the trial court abused its discretion in granting the state's motion for mistrial over the defendant's objection where there was no manifest necessity to abort the trial. Here a juror came forward after the jury had been impaneled and sworn and told the court that a deputy sheriff had mentioned to four other jurors the previous evening that this case had been tried twice before and ended with a hung jury each time. The juror said that these four had expressed immediate concern as to the possibility of reaching a verdict since two other juries had failed previously and that the information had been conveyed to all other jurors by breakfast the following day. The trial court, having been made aware of the situation, held a hearing with both attorneys. The defendant requested the court to voir dire the witnesses to determine the extent of information they received, and if determined non-prejudicial, then to give cautionary instructions. The state asked the court to declare a mistrial on its own motion. The trial judge declined to do so, but said he would be inclined to grant a mistrial at either party's request if it was felt that a fair trial could not be had. The state then requested a mistrial. The trial court granted the mistrial and dismissed the jury telling them that the information they had received may make it impossible to be fair and impartial and may confuse the jurors to an extent that would affect their judgment.

The defendant contends that the mistrial was improperly declared where there existed another less drastic alternative in that the court could have voir dired the panel or used the alternate jurors. The defendant argues that there was no manifest necessity to declare the mistrial and the grant of such should bar a new trial on double jeopardy grounds.

A defendant is not placed twice in jeopardy where a mistrial is declared, even over his objection, if there exists grounds of manifest necessity or the ends of public justice would otherwise be defeated. It is impossible to define all circumstances which would render it proper for a court to interfere and declare a mistrial. *State v. Tippett*, 538 S.W.2d 756 (Mo.App.1976). Defendant contends that there were no grounds since the judge did not voir dire the jurors to determine the extent, if any, of the prejudice. Motions for mistrial and motions to voir dire the jury are addressed to sound discretion of the trial judge and an exercise of that discretion will be disturbed on appeal only when the record shows manifest abuse. *State v. Lee*, 654 S.W.2d 876, 879 (Mo. banc 1983). Where prejudicial information has reached the jurors there is manifest necessity which will justify aborting the trial. *Parker v. U.S.*, 507 F.2d 587 (8th Cir.1974). In this case the state's position is that an impartial trial could not be had because of the jurors' exposure to the procedural history of the case, and their immediate reaction after receiving this information as to their ability to reach a verdict. Neither party created this incident. The state as well as a defendant has the right to a fair impartial jury. The trial judge in his discretion determined that manifest necessity existed and aborted the trial. We shall defer to the trial court's discretion. Point II is without merit.

In her third point on appeal, the defendant claims that the trial court erred in failing to give the jury the lesser included offense instruction of attempted stealing of property over the value of $150 by deceit. The defendant's brief fails to comply with Rule 30.06(e) in that the instruction to which he claims entitlement does not appear in his brief; nor is the requested instruction contained in defendant's motion for a new trial. Additionally, defend-

ant's argument does not identify what evidence, if any, in the record would support a lesser included instruction. However, we will review the point as plain error. Rule 30.20. An instruction on a lesser included offense is required only where there is an evidentiary basis for an acquittal on the charged offense. *State v. Black*, 678 S.W.2d 887 (Mo.App.1984); 556.046.2 RSMo 1978. The evidence herein indicates no basis for a verdict which would acquit defendant of the offense charged, second degree murder, and convict her of the lesser included offense of attempted stealing over $150 by deceit. There could be no stealing or attempt to steal proceeds of a life insurance policy unless there was a death to create the proceeds. The lesser offense could not have occurred without the death of Reginald McGlorn. Thus, the evidentiary basis for convicting defendant of the lesser offense of attempted stealing by deceit would not acquit defendant of the charged offense of second degree murder. Point III is without merit.

Judgment affirmed.

STEPHAN, C.J., concurs.

KELLY, J., concurs in the result.