**STATE of Missouri, Respondent,**

v.

**James L. POOLE, Appellant.**

**No. WD 37150.**

Missouri Court of Appeals,
Western District.

Sept. 23, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Sean O'Brien, Public Defender, Bruce R. Anderson, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., BERREY, J., and ROPER, Special Judge.

ELLEN S. ROPER, Special Judge.

James L. Poole appeals his conviction for felony stealing, § 570.030, RSMo Supp.1984 (amended 1985), and sentence as a persistent offender, § 558.016, RSMo Supp.1984, to a term of nine years' imprisonment. Affirmed.

Appellant's sole point on appeal is his challenge to the sufficiency of the evidence to support his conviction. In viewing the evidence, this court accepts as true all evidence and reasonably drawn inferences establishing guilt and disregards all contrary evidence and inferences. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984), *cert. denied, Guinan v. Missouri*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). Where the state's case relies upon circumstantial evidence, the facts and circumstances must be consistent with the defendant's guilt and inconsistent with any reasonable theory of his innocence. *State v. Goddard*, 649 S.W.2d 882, 884 (Mo. banc 1983), *cert. denied*, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983). However, the facts and circumstances adduced by the state need not be absolutely conclusive of guilt nor demonstrate the impossibility of innocence in order to submit the case to the jury. *State v. Barker*, 700 S.W.2d 128, 129 (Mo.App.1985).

In so viewing the evidence, we find that on a very warm August 23, 1984, at 4:26 a.m., Officer Jack Shepley, of the Kansas City, Missouri, Police Department, was dispatched to the Patent Scaffolding Company, 720 East Third Street, Kansas City, after an alarm system had been triggered. Officer Shepley arrived at the scene within one minute and awaited the arrival of a backup officer. While waiting, Officer Shepley heard metal being moved about and clanged together and shown his spotlight in the area where the sound emanat-

ed. Appellant stood up from a crouched position in the tall grass just outside the fence of the Patent Scaffolding Company, dressed in a shirt, very short red shorts, tennis shoes, a white translucent shower cap on his head, and a pair of brown leather work gloves covered with a grey powdery substance. Appellant gave the name of "James Davis" when questioned and was unable to give his residence or explain his presence at the scene.

Officer Shepley and the backup officer searched the area and found three piles of aluminum splice plates which had been removed from the Patent Scaffolding Company fenced-in property. A pile of fourteen plates was found near the location where appellant was first observed. There was a hole in the fence at this location. A pile of eight plates was found twelve to fifteen feet further north and a third pile of thirteen plates was located some fifty feet north stacked next to the curb bordering Holmes Street. When Patent Scaffolding had closed for business on the evening of August 22, 1984, all plates were stacked some seventy-five to a hundred feet inside the fence and had been banded to pallets by strapping. When the manager of Patent, Gary Leach, returned to work on August 23, 1984, the strapping had been broken and some of the splice-plates were missing.

The hole in the fence near where appellant was first observed was not there on August 22, 1984, when inspected by Officer Shepley. The opening in the fence was large enough to permit entry and exit into Patent's property while carrying plates.

After further investigation revealed no other individuals in the area, appellant was arrested and informed of his *Miranda* rights. When questioned, appellant who was perspiring heavily, informed the officers that he had been walking home from work when he stopped to urinate and was discovered by Officer Shepley. Appellant was unable to give the name or address of his employer. Ten minutes later he changed his account and indicated that when first observed he was preparing to defecate. Appellant presented no evidence at trial.

From the facts, circumstances and evidence in this case the jury could infer that the appellant was in the process of removing the splice-plates from the property of Patent Scaffolding when he triggered an alarm. Within a minute Officer Shepley responded to the alarm and found appellant at the scene. The trial court did not err in submitting this case to the jury.

All concur.