**STATE of Missouri, Respondent,**

v.

**Rodney CAYSON, Appellant.**

**No. WD 39071.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied
April 19, 1988.

Susan L. Hogan, Columbia, for appellant.

**156**

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Rodney Cayson was found guilty by a jury of two counts of robbery in the first degree. On finding Cayson to be a prior and dangerous offender, the court imposed sentence on each count of life imprisonment, with the sentences to run consecutively. Cayson contends that both counts should be dismissed because the prosecutor vindictively filed such charges. Reversed and remanded as to Count I, and reversed as to Count II.

In April of 1985, Cayson was charged by information with robbery, second degree, by forcibly stealing a lady's purse containing U.S. currency owned by Elfreda Sifuentes. A jury trial was held on that charge, and Cayson was found guilty in May of 1986. On July 11, 1986, the court sustained Cayson's motion for new trial on the ground of instructional error and granted a new trial. On July 25, 1986, Cayson was indicted by a grand jury on two counts of robbery in the first degree. Count I alleged that Cayson stole a purse owned by Naomi Castillo and in the course thereof caused serious physical injury to Castillo. Count II charged that Cayson forcibly stole a purse belonging to Elfreda Sifuentes and in the course thereof caused serious physical injury to Castillo. On August 18, 1986, the prosecutor dismissed the second degree robbery charge. Prior to the trial of the two charges involved here, the prosecutor substituted an information in lieu of indictment which contained the same two counts as the indictment.

Prior to the trial herein, counsel moved that the charges be dismissed because they resulted from vindictiveness on the part of the prosecutor brought about by the successful exercise by Cayson of his right to seek a new trial on the second degree robbery charge.

It is agreed that the robbery of Castillo and Sifuentes occurred as part of one transaction. The evidence was that two men accosted Castillo and Sifuentes in a grocery store parking lot where the two ladies had been shopping together. The men seized the ladies' purses and, in the course of forcibly taking the purses, knocked Castillo down and caused a brain concussion.

When Cayson moved that the charges be dismissed prior to the trial herein, the prosecutor requested the court to make a finding that there were articulable reasons for the State to change the charge in Count II from robbery in the second degree to robbery in the first degree. The court found that Cayson was not charged at the first trial with causing serious injury to anyone but that at this trial the prosecutor had subpoenaed witnesses who would testify that there was serious physical injury and that this was an articulable reason for charging first degree robbery. There was no explanation for the failure to present such evidence at the first trial. No mention was made as to a reason for adding the charge of first degree robbery with reference to Castillo.

In challenging the raising of the charge involving Sifuentes from robbery second to robbery first, Cayson relies on *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Perry had been convicted of a misdemeanor in a lower court and filed a request for a trial de novo in the superior court. After the filing of that request the prosecutor obtained an indictment against Perry charging a felony. The Court stated that the due process clause of the U.S. Constitution is not offended by all possibilities of increased punishment upon retrial after appeal, "but only by those that possess a realistic likelihood of 'vindictiveness.'" 417 U.S. at 27, 94 S.Ct. at 2102. The Court noted that in *Blackledge* it was dealing with the role of a prosecutor, unlike *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which dealt with a trial judge imposing a more severe sentence after Pearce exercised his right to obtain a new trial. How-

ever, the *Blackledge* Court held that the same rule would apply and stated:

> A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

417 U.S. at 28, 94 S.Ct. at 2103.

The Court concluded that due process required that such potential for vindictiveness must not enter into North Carolina's appellate process.

■ This case involves essentially the same situation as *Blackledge.* Here, Cayson had a right to file a motion requesting a new trial. When the new trial was granted, the State dismissed the robbery second degree charge and obtained an indictment for a first degree robbery charge. As pointed out in *Blackledge*, the prosecutor there had a high stake in discouraging appeals to obtain a trial de novo. The request for trial de novo would require a new trial and could even result in the defendant going free. In *Blackledge*, the Court pointed out that only the most hardy would brave the hazards of a new trial if the prosecutor were allowed to "up the ante" each time a defendant appealed his conviction. 417 U.S. at 28, 94 S.Ct. at 2102.

By the same token, the prosecutor in this case has a considerable stake in discouraging defendants from trying to obtain a new trial because a new trial will necessitate further prosecutor effort and could result in the acquittal of the defendant. If the prosecutor is allowed to "up the ante"— that is, increase the charge when a defendant succeeds in obtaining a new trial—then it will certainly be only the most hardy of defendants who will seek a new trial.

In *Blackledge*, the Court did not find any actual bad faith on the part of the prosecutor, but based its holding on the ground that the State could not respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge prior to his trial de novo. In this case, the same rationale applies: it is not constitutionally permissible for the State to respond to the exercise by Cayson of his statutory right to seek and obtain a new trial by filing a more serious charge arising out of the same incident.

For the reasons stated in *Blackledge*, the State cannot prosecute Cayson on the first degree robbery charge of Elfreda Sifuentes.

The State not only filed the more serious charge but filed an additional charge of first degree robbery of Castillo.[1] Cayson contends that charge should also be dismissed for the same reason advanced with reference to the increase in the severity of the charge relating to Sifuentes. The U.S. Supreme Court has not yet addressed the factual situation involving the filing of additional charges arising out of the same incident. The case that this court finds to be most persuasive on the issue of filing additional charges is *U.S. v. Andrews*, 633 F.2d 449 (6th Cir.1980) (en banc), cert. denied, 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed. 2d 358 (1981). Although *Andrews* did not involve precisely the same factual background for the filing of additional charges, it nevertheless discussed at some length the constitutional questions which must be considered in dealing with the filing of additional charges growing out of the same incident which led to the filing of the initial charge.

The filing of additional charges after a defendant exercises a statutory or constitutional right brings into conflict two rules of law: 1) the discretion of a prosecutor to file charges when there is probable cause that someone has broken the law is necessarily broad; and 2) vindictive conduct by the prosecutor under *Blackledge* is unacceptable and requires control. 633 F.2d at 453. The court stated that *Blackledge* had set the standard by which a court must test for prosecutorial vindictiveness and that is whether in the factual situation presented there is a realistic likelihood of vindictive-

---

1. This case involves two separate and distinct crimes—the robbery of two different people— committed in the course of a single incident and contemporaneous with each other.

ness in the prosecutor's augmentation of charges. *Id.* at 453[3]. The court stated that in order to assess a case under the applicable test it must weigh two factors: the first is the prosecutor's stake in deterring the exercise of some right, and second is the prosecutor's conduct, which must be analyzed under the circumstances in each case. By analyzing carefully these two factors, the court can make a determination of whether there exists a realistic likelihood of vindictiveness. *Id.* at 454.

*Andrews* further held that once a court has examined the facts and found the existence of a realistic likelihood of vindictiveness, the burden of disproving such motivation is on the prosecutor. The court held, however, that courts should not pass on subjective good faith assertions by prosecutors but that the prosecutor has a duty to make objective on-the-record explanations in order to rebut a finding of realistic likelihood of vindictiveness. *Id.* at 456[7, 8].[2]

Assessing the facts in this case to determine the existence of a realistic likelihood of vindictiveness, it is apparent that the prosecutor had a high stake in deterring the exercise by Cayson of his right to seek a new trial. As in *Blackledge,* a new trial meant the prosecutor must expend further resources before Cayson's conviction would become final. He would be required to retry the case and run the risk that on retrial Cayson could be acquitted.

■ In analyzing the facts of this case, it appears that the facts should have been known to the prosecutor at least by the time the first trial was completed. As the Supreme Court pointed out in *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), once a trial begins, and certainly by the time a conviction has been obtained, it is likely that the State has discovered and assessed all of the information against an accused and has determined the extent to which he should be prosecuted. A change in the charging decision made after the initial trial is completed is much more likely to be improperly motivated than a pretrial decision. 457 U.S. at 381, 94 S.Ct. at 2493. Here, it would appear that the State should have known all along the fact that both ladies were robbed and that Castillo was seriously injured when she was knocked down. There is no reason in the record here to indicate that the State did not know all of the facts and could not have filed first degree robbery charges for the robbery of Castillo at least by the time the first trial was completed, without waiting to see if Cayson would exercise his right to seek a new trial.

The above facts lead this court to conclude that there was a realistic likelihood of vindictiveness on the part of the prosecutor in the filing of the additional charge. That shifts the burden to the prosecutor to make an objective on-the-record explanation for the filing of the additional charge. The prosecutor has not made any explanation but is entitled to an opportunity to do so. For that reason, the judgment on Count I is reversed, and that count is remanded to the trial court with directions to hold a hearing to hear the prosecutor's objective on-the-record explanation for the filing of the additional charge. The court shall thereupon make a finding of whether or not the additional charge was filed as a result of vindictiveness for the exercise by Cayson of his right to seek and obtain a new trial on the original robbery charge. If the court concludes that the prosecutor has satisfied his burden to show the absence of vindictiveness, the court shall enter judgment on the jury verdict on Count I and shall resentence Cayson thereon. In resentencing, the court is free to apply any applicable enhancement of sentence. If the court concludes that the prosecutor has not carried his burden, the court shall enter judgment dismissing the charge contained in Count I.[3]

2. Although stated in slightly different terms, the court in *State v. Franks,* 702 S.W.2d 853, 855[3, 4] (Mo.App.1985), applied the same rationale. There the court found the prosecutor had a reason other than punishment to file an additional charge. The reason was the unavailability of necessary witnesses.

3. If the court dismisses Count I the State will have the right to appeal under § 547.200.2

The judgment as to Count I is reversed, and this cause is remanded for further proceedings as described above. The judgment on Count II is reversed, and Cayson is ordered discharged as to the charge contained in that count.[4]

All concur.

RSMo 1986. If the court resentences Cayson he will have the usual right to appeal.

4. No question has been raised on this appeal as to whether or not Cayson may be retried on the original robbery second degree charge if that charge be refiled.