**James L. POOLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41101.**

Missouri Court of Appeals,
Western District.

April 18, 1989.

Joseph H. Locascio, Sp. Public Defender, Daniel C. Miller, Asst. Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and NUGENT and LOWENSTEIN, JJ.

PER CURIAM:

This is an appeal of the denial of appellant's Rule 29.15 motion for post-conviction relief. Appellant contends that the trial court erred in overruling his motion without an evidentiary hearing. The judgment is affirmed.

Appellant was convicted of felony stealing and sentenced on May 15, 1986, as a persistent offender to a prison term of nine years. Timely appeal taken therefrom, challenging the sufficiency of the evidence, resulted in affirmance of the conviction and sentence. *See State v. Poole,* 720 S.W.2d 8 (Mo.App.1986).

Appellant filed a pro se Rule 29.15 motion seeking post-conviction relief on June 13, 1988. The motion alleged that the evidence was insufficient to establish that appellant had exclusive and unexplained possession of stolen property, that the evidence failed to establish appellant's affirmative participation, and that the evidence failed to exclude every reasonable hypothesis of appellant's innocence. Appointed counsel for appellant filed no amended motion. On August 17, 1988, the trial court denied appellant's motion without an evidentiary hearing. The court found that appellant's allegations were substantially the same as those made on direct appeal although a different theory was presented, and that the motion could be determined without an evidentiary hearing because the motion, the files, and the records of the

case conclusively showed that appellant was entitled to no relief.

Appellant's sole contention on appeal is that the trial court erred in denying appellant an evidentiary hearing. Appellant alleges that the short time period in which his Rule 29.15 motion had to be filed combined with the prohibition against successive Rule 29.15 motions limited his ability to thoroughly plead and prove all possible grounds for post-conviction relief. Thus, appellant contends, the built-in limitations of Rule 29.15 necessitated an evidentiary hearing in order to provide appellant a meaningful post-conviction review.

The filing of a Rule 29.15 motion does not automatically entitle the movant to an evidentiary hearing. Certain procedures must be followed.

A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed. Within fifteen days after the date an amended motion is required to be filed, the court shall determine whether to grant a hearing. If no request for hearing is timely filed or if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. If a hearing is ordered, it shall be held within sixty days of the date of the order granting a hearing.

Rule 29.15(g). Rule 29.15 specifically provides that a timely request must be made in order for the movant to avail himself of the opportunity for a hearing. Appellant does not allege nor does the record reveal that appellant made such a request.

Because Rule 29.15 specifically requires that a movant seeking an evidentiary hearing must file a request and there is no evidence that appellant did so, appellant cannot maintain on appeal that the trial court was clearly erroneous in denying him a hearing.

The judgment of the trial court is affirmed.