**Willard R. WOODS, a/k/a Rusty Woods, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15995.

Missouri Court of Appeals, Southern District, Division Two.

July 27, 1989.

Craig A. Johnston, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Debra M. Miles, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found Willard Russell Woods guilty of capital murder in violation of § 565.001, RSMo 1978, now repealed. Punishment was fixed at imprisonment for life without eligibility for parole or probation for 50 years pursuant to § 565.008, RSMo 1978, also now repealed. On direct appeal, Woods' conviction was affirmed. *State v. Woods*, 639 S.W.2d 818 (Mo.1982). The background facts as recited in the reported opinion are that on August 13, 1979, the body of one Allen House was found in his pickup truck parked on a dirt and gravel lane off Route O south of Stark City, Missouri. House had been shot in the head.

The State had evidence that earlier that day, Woods (hereinafter the defendant) and his cousin were riding on the defendant's motorcycle south from Stark City on Route O when they encountered the victim getting into his pickup truck at a roadside pasture gate. The defendant "pulled a gun" on the victim, forced him in the pickup, and got into the driver's side himself. With Simmons following on the motorcycle, defendant drove the pickup to a cemetery lane.

Simmons watched from a distance as the victim produced his billfold and put it on the dashboard of the pickup. Simmons then heard two shots in rapid succession and turned to see the defendant fire a third shot. The pair fled on the motorcycle, stopping later to throw away the billfold after taking the money out.

On May 22, 1987, the defendant filed a pro se motion for postconviction relief pursuant to Rule 27.26, now repealed. As grounds for relief, the defendant averred that his sentence was unlawfully imposed and should be vacated because: (1) his conviction was procured by the use of "hypnotically enhanced" testimony; (2) the information upon which he was tried was defective because it pleaded in the disjunctive that the defendant committed the crime charged "acting either alone (or) in concert with another"; (3) that the information upon which he was tried was defective because it failed to allege an essential element of the crime with which he was charged; (4) that the instructions given did not properly state the law concerning accessorial participation in the commission of a crime; (5) that the trial court was without jurisdiction to proceed because, at the time he was tried, two informations charging the defendant with the same offense were pending, and (6) the evidence was insufficient to support the verdict. On June 1, 1988, the motion court called the matter for hearing. The docket entry made by the court recites that counsel for both parties agreed that an evidentiary hearing was not necessary because the motion did not submit factual questions. On September 30, 1988, the motion court filed findings of fact and conclusions of law denying postconviction relief. The defendant appealed to this court. Inasmuch as sentence was pronounced prior to January 1, 1988, and this proceeding was pending on the effective date of present Rule 29.15, the appeal is governed by the law applicable to proceedings under former Rule 27.26. Rule 29.-15(m).

In this court, the defendant has briefed and submitted four assignments of error. He maintains that: (1) the motion was erroneously denied because his counsel did not comply with the mandatory provisions of former Rule 27.26(h); (2) the motion for postconviction relief should have been granted because the prosecution vindictively charged him with capital murder after his first trial on a charge of second-degree murder resulted in a mistrial; (3) his conviction is constitutionally infirm because the State introduced "hypnotically enhanced" testimony, and (4) the trial court lacked jurisdiction to try the case because there was another information pending against the defendant for the same offense. We have considered these assignments of error; we affirm the judgment of the motion court.

■ The motion court held, among other things, that the defendant's claim of instructional error could not be considered in this proceeding under former Rule 27.26. We agree. *Swearingin v. State,* 629 S.W.2d 560, 562[1] (Mo.App.1981). Moreover, challenges to the sufficiency of the evidence to support the guilty verdict were not within the scope of a Rule 27.26 proceeding. *Lane v. State,* 611 S.W.2d 44, 46 (Mo.App.1981); *Johnson v. State,* 561 S.W.2d 704, 706[3] (Mo.App.1978). Inasmuch as these two alleged grounds for relief were not cognizable in this proceeding, we give them no further consideration. The defendant's objections to the information upon which he was tried have not been briefed, but the sufficiency of the information is jurisdictional, and could be challenged for the first time in a proceeding under former Rule 27.26. *Gawne v. State,* 729 S.W.2d 497, 501[10] (Mo.App.1987); *Hulstine v. State,* 702 S.W.2d 120, 122[3] (Mo.App.1985); *Blackmon v. State,* 639 S.W.2d 127, 128 (Mo.App.1982). We therefore consider, sua sponte, the defendant's complaints concerning the information upon which he was tried.

As we have said, the defendant was tried upon an information which charged capital murder in violation of former § 565.001, RSMo 1978. The information, in words and figures, was as follows:

"The special prosecuting attorney of the County of Newton, State of Missouri, charges that the defendant, in violation of § 565.001, RSMo, committed the Class A Felony of capital murder, punishable upon conviction under § 565.008.1, RSMo, in that the defendant, acting either alone or in concert with another, willfully, knowingly, with premeditation, deliberately and unlawfully killed Allen House by shooting him on the 13th day of August, 1979, in the County of Newton, State of Missouri. . . ."

■ In his pro se motion, the defendant averred that this information lacked specificity and improperly pleaded disjunctive criminal acts. We have not been cited to a Missouri case demonstrating the rule defendant has in mind, but apparently he has attempted to invoke the principle that an information which charges the commission of two distinct acts in the alternative does not constitute a charge of the commission of either act. See *State v. Hook,* 433 S.W.2d 41, 43–45[1–4] (Mo.App.1968). Without discussing the general rule that when a statute proscribes several distinct acts in the alternative, an information charging more than one act must make such charge in the conjunctive, see *State v. Hook,* 433 S.W.2d at 43–44, it is sufficient here to say that the phrase objected to, "acting either alone or in concert with another," coupled with the allegation that the defendant acted "knowingly" did not charge the defendant with distinct criminal acts in the disjunctive. Rather the defendant was charged as a principal or an accessory, and the information was entirely sufficient under the statutes in force at the time. *State v. Strickland,* 609 S.W.2d 392, 394–95 (Mo. banc 1980).

■ The defendant also complains that the information is defective because it did not charge that he acted with malice aforethought. To charge violation of former § 565.001, it was necessary to allege that the accused acted "unlawfully, willfully, knowingly, deliberately, and with premeditation." The defendant was so charged and the charge included "any definitional concept of malice aforethought." *State v. Garrett,* 627 S.W.2d 635, 637[2] (Mo. banc 1982), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). The defendant's complaints concerning the sufficiency of the information are without merit and the motion court properly so found.

■ The first point briefed is that relief should have been granted because defendant's counsel did not amend defendant's pro se motion as directed by former Rule 27.26(h). In particular, present counsel argues that the motion should have been amended to include an allegation of prosecutorial vindictiveness. The whole argument has the quality of an afterthought. In April 1988, defendant's counsel was granted leave to amend the pro se motion. On April 18, defendant was granted a continuance. There was no hearing on the

cause until June 1, 1988. Defendant's counsel had ample opportunity to amend the pro se motion. The defendant concedes, in his brief, that if the pro se motion is understandable and the record shows the trial court carefully considered the factual allegations, there is no prejudice to the movant in the failure to amend. *Duggar v. State,* 697 S.W.2d 309, 310 (Mo.App.1985); *Smith v. State,* 674 S.W.2d 634, 636 (Mo. App.1984). Nevertheless the defendant contends, in substance, that the "very real" possibility of prosecutorial vindictiveness in this case is such that the judgment should be reversed so counsel may now present that possibility to the motion court. The merits of this point are dependent upon the merits of the second point, which is that the State vindictively filed an amended information charging the defendant with capital murder after his first trial on a charge of second degree murder resulted in a mistrial because of a "hung" jury.

Conceding that the point was never put before the trial court or the motion court, the defendant argues we should consider the possibility of prosecutorial vindictiveness as a matter of plain error. In the "argument" part of his brief, the defendant clearly and succinctly states that he contends the State charged him with capital murder because he had exercised his constitutional right to trial by jury and because he had secured a reduction in the amount of his bond after his original trial resulted in a mistrial. We are cited to *State v. Cayson,* 747 S.W.2d 155 (Mo.App.1987), and *State v. Quimby,* 716 S.W.2d 327 (Mo. App.1986). We do not find those precedents persuasive on the facts presented.

This defendant was originally charged with murder in the second degree in violation of § 565.004, RSMo 1978. The defendant's first trial began on June 26, 1980. This trial was completed and the issues were submitted to the jury at 2:56 p.m. on June 28, 1980. The jury deliberated for nearly 9 hours, but found itself unable to reach a verdict. At 11:50 p.m. the court declared a mistrial. The defendant's bond

had been fixed at the sum of $100,000. After the mistrial and on August 25, 1980, defendant and his counsel appeared and moved the trial court to reduce the amount of defendant's bond. The trial court was advised that the defendant had been incarcerated since December 1979 and another person, Doug Simmons, had been charged with the identical offense. Based on that statement and the State's application for a continuance, the trial court reduced the amount of defendant's bond to $50,000. Thereafter on October 15, 1980, the defendant was charged with capital murder. As noted, the real question posed by the defendant's first two points is whether the State's conduct raises so strong a presumption of prosecutorial vindictiveness that this court should notice it as a matter of plain error and reverse the judgment so the defendant can present his argument to the motion court.

The proposition that "vindictive charge selection" or "vindictive prosecution" may violate an accused's due process rights has been elsewhere discussed; we need not add to the general discussion of the subject.[1] We should note, however, that this case is different from the two Missouri cases cited to us in one important respect; the more severe charge was, in this case, filed after the court itself had declared a mistrial. It has been suggested that in this situation, even though a more severe charge is filed, there is no presumption of an improper motive on the part of the prosecutor in the absence of objective evidence of vindictiveness. *United States v. Whaley,* 830 F.2d 1469, 1478–80 (7th Cir.1987); see also 2 W. LaFave and J. Israel, Criminal Procedure, Supp.1989, p. 73, n. 29.1.

No such evidence is apparent from the record. The defendant was tried on a charge of second-degree murder. The jury was unable to agree on a verdict. The trial court voluntarily declared a mistrial. Thereafter the defendant sought a reduction in his bond upon the ground that he had been incarcerated for a long period and another person had been charged with the

---

1. See 2 W. LaFave and J. Israel, Criminal Procedure § 13.7, pp. 230–35 (1984) and Supp.1989, p. 73; Comment, Unleashing the Prosecutor's Discretion, 20 Am.Crim.L.Rev. 507 (1983).

crime he was accused of committing. The State did not oppose the reduction of the defendant's bond. In such circumstances, this court cannot say there was evidence of actual vindictiveness in filing the capital murder charge. In any case, there was no plain error. We conclude that both the first and second points briefed are without merit.

■ The defendant further complains that postconviction relief should have been granted because the State was allowed to admit evidence which had been hypnotically enhanced. The opinion reported on direct appeal indicates the State did introduce an exhibit which used the word "hypnosis," *State v. Woods*, 639 S.W.2d at 819–20, and that exhibit may have been used to enhance the credibility of Douglas Wayne Simmons, who testified as a witness for the State. The exhibit and the memorandum to which the court referred on direct appeal are not before us, however, and while Simmons referred to various "tests" which he took while the prosecution was pending, we have only the trial transcript. The transcript does not indicate what part of Simmons' testimony, if any, was hypnotically enhanced. In any event, error in the admission of evidence is trial error not cognizable in Rule 27.26 proceedings. *Mayo v. State*, 524 S.W.2d 181, 182[3] (Mo.App. 1975); *Perryman v. State*, 506 S.W.2d 480, 481–82[2, 3] (Mo.App.1974).

■ As a final point, the defendant argues that the trial court had no jurisdiction to try him for capital murder "because the record is clear that a criminal proceeding [involving the same offense] had already been commenced involving this same offense in Case No. 479–2735F for murder second degree and was still pending at the same time [defendant] was convicted [of] capital murder. Therefore pursuant to Supreme Court Rule 23.10 the trial court in [the present case] did not obtain jurisdiction to try [the defendant] [because] the other proceeding had [been] commenced prior to [the] capital murder charge and was still pending." We find no merit in this argument. It is true, we suppose, that the division of a circuit court to which a

cause has been assigned has exclusive jurisdiction of the cause and no other division may take jurisdiction. *Comfort v. Higgins*, 576 S.W.2d 331, 340 (Mo. banc 1978); *State v. Armstrong*, 605 S.W.2d 526, 529 (Mo. App.1980). However, the record before us indicates that the cause was, for one reason or another, transferred from one division of the circuit court to another several times. The record does not, as far as we can determine from the docket entries, support the allegation that one division of the Circuit Court of Newton County took jurisdiction of this case while it was pending in another division.

The only part of this assignment supported by the record is that the information charging defendant with capital murder was filed before the original information charging second degree murder had been dismissed. The law applicable to this point was laid down many years ago in *State v. Berry*, 298 S.W.2d 429, 432 (Mo.1957), and was repeated by the Eastern District in *State v. Reichenbacher*, 673 S.W.2d 837, 838[1–3] (Mo.App.1984). The pendency of a former indictment or information is not a bar to a second indictment or information for the same offense, and if there be pending at the same time two informations for the same offense, the first is deemed suspended or quashed. The court was not, for the reasons asserted in point four, without jurisdiction to try the defendant upon the charge of capital murder. We find no error in any respect advanced in this court and accordingly, the judgment is affirmed.

PREWITT, Acting P.J., and MAUS, J., concur.