STATE of Missouri, Respondent,

v.

Rodney CAYSON, Appellant.

Rodney CAYSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 40766.

Missouri Court of Appeals,
Western District.

March 13, 1990.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

This is an appeal by Rodney Cayson after a remand directed in *State v. Cayson*, 747 S.W.2d 155 (Mo.App.1987). The remand was to give the prosecuting attorney an opportunity to explain why additional charges were filed after Cayson had been granted a new trial. The explanation was ordered so that the court could determine if the additional charges were the result of vindictiveness on the part of the prosecuting attorney. The trial court heard the explanation of the prosecutor and found the additional charge was not filed as the result of vindictiveness.

Cayson also filed a 29.15 motion alleging ineffective assistance of counsel. That motion was denied.

■ Cayson contends the court erroneously found no vindictiveness and erroneously denied his 29.15 motion. Affirmed.

This case arose in April, 1985, when Elfreda Sifuentes and Naomi Castillo had their purses forcibly stolen after they were each assaulted.

Cayson was charged with one count of second degree robbery on the Sifuentes robbery and tried to a jury on that count. The court granted Cayson a new trial and, thereafter, Cayson was indicted on two counts of first degree robbery relating to both the Sifuentes and Castillo incidents. In *Cayson*, this court held that the filing of the more serious charge of first degree robbery as to Sifuentes after Cayson had been granted a new trial on second degree robbery was a result of prosecutorial vindictiveness and ordered Cayson discharged on that count. As mentioned, this court remanded the other count charging first degree robbery of Castillo to allow the prosecutor to explain why the Castillo robbery charge was not filed until after the motion for new trial was granted on the original charge.

On remand the prosecutor explained that this case had been handled on a piecemeal basis by a number of assistant prosecutors, however, shortly before trial on the second degree robbery charge of Sifuentes the case had been assigned to Patrick Peters who had only passed the bar a week prior to his assignment.

Peters explained on remand that when he took the case after being admitted to the bar he started preparing for trial. He said he immediately noticed that a mistake had been made since Cayson had only been charged with the Sifuentes robbery and had never been charged with the Castillo robbery. Peters raised this question with another assistant prosecutor but was assured that the Castillo charge could be filed at a later time. Peters said that when the Sifuentes case was being tried the witnesses asked him why Cayson had not been charged in the Castillo case. He said he informed them that such charge would be filed later· and he again informed them at the conclusion of the Sifuentes case that he would be calling them later to testify in the Castillo case.

Peters further stated that he was not aware until during the Sifuentes trial, in visiting with Castillo, that there was a possibility that she had suffered serious personal injury which would make the stealing of her purse first degree robbery. He said another assistant prosecutor had originally concluded that there was no robbery of Castillo because she had recovered her purse after it was taken from her. Peters said he filed a trial brief in the Sifuentes case prior to trial in which he stated that Cayson had attempted to cause serious physical injury to Sifuentes because at that time he did not know serious physical injury had actually been inflicted on Castillo. After learning from Castillo during the Sifuentes trial that she had been treated for memory loss after being assaulted in the course of the robbery, Peters talked with her physician and learned that she had been under treatment for protracted loss of memory and that she had suffered a severe concussion. Peters said it was at that point that he decided he would charge Cayson with robbery in the first degree in the Castillo incident but that he wanted to wait to see if the Cayson motion for new trial in the Sifuentes case would be granted or if the court would grant a motion for judgment notwithstanding the verdict. He stated he had already decided to charge Cayson with first degree robbery on Castillo and the only question was whether he would charge him separately or if Cayson obtained a new trial he would obtain a grand jury indictment on both cases for first degree robbery. He stated the custom in Jackson County in situations such as this was to obtain an indictment on both charges so that both charges could be tried together.

Counsel for Cayson argued that the prosecutor's explanation was insufficient. The court entered findings of fact in which it found essentially the facts set out above recited by the prosecutor and concluded

that the filing of the first degree charge on the Castillo incident was not motivated by vindictiveness. The court thereupon sentenced Cayson to life imprisonment on the Castillo count. On the direct appeal from the judgment and sentence on the Castillo count, Cayson contends that the prosecutor's explanation was insufficient.

The facts recited by the prosecutor are sufficient to show that a mistake was made in not charging Castillo at the time the Sifuentes count was filed and the prosecutor knew that the Castillo charge could be filed later. Further, the statement was sufficient from which the court could find that the decision to charge Cayson with the Castillo robbery was made prior to the grant of the new trial on the Sifuentes charge and, therefore, the filing of the count on the Castillo robbery was not the result of vindictiveness.

The finding was supported by the prosecutor's statement which the court chose to believe. No error appears in this finding.

■ On the 29.15 appeal Cayson contends the court erred in denying the motion without a hearing because counsel, at the vindictiveness hearing, did not provide the court with the police reports, the prosecutor's trial brief from the first Sifuentes trial, or with the report from the Castillo follow-up medical examination. Cayson states that these documents would establish that the State knew about Castillo's serious physical injury well before the first trial.

The court found Cayson did not timely request a hearing. In that situation a hearing is not required. Rule 29.15(g). *Poole v. State*, 768 S.W.2d 237, 238 (Mo. App.1989).

The police reports are in the record and refute Cayson's contention. These reports do not reveal that either Sifuentes or Castillo suffered serious physical injury. The trial brief of the State is also of record and only states that Cayson attempted to inflict serious physical injury but does not state that such actually occurred. The follow-up medical examination might or might not have shown serious physical injury a week after the incident but the essential question is not whether Castillo suffered serious physical injury, but when the prosecutor decided to file the Castillo robbery charge. Such report would not have been helpful in resolving that question.

■ Cayson finally contends that the ruling on the motion was clearly erroneous because motion counsel failed to ascertain if all justiciable allegations of error were included in the pro se motion and by failing to file an amended motion. In *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. banc 1989), the court held that a post-conviction proceeding is directed to the validity of the conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. Here, Cayson seeks to attack the effectiveness of his post-conviction counsel and under *Lingar* he is not allowed to do so.

The judgment on appeal from the sentence is affirmed and the judgment denying relief of the 29.15 motion is affirmed.

All concur.