**Freddie MACK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55057.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1989.

As Corrected July 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Frank R. Fabri III, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant Freddie Mack appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. Movant was convicted of two counts of first degree assault, two counts of first degree robbery, and one count of armed criminal action. Movant was sentenced to two thirty year terms, concurrent to two twenty year terms, consecutive to a term of life imprisonment. Movant's conviction was affirmed on direct appeal. *State v. Mack*, 725 S.W.2d 78 (Mo. App., E.D.1987). On this appeal movant contends that (1) the trial court erred in refusing to consider movant's amended motion filed more than sixty days after counsel entered his appearance; (2) the trial court's refusal to consider the amended motion suspended movant's right to seek habeas corpus relief; (3) the trial court erred in dismissing movant's *pro se* motion after counsel filed a dismissal without prejudice pursuant to Rule 67.01; (4) the trial court erred in dismissing the *pro se* motion because it sufficiently alleged ineffective assistance of counsel; (5) the trial court erred in refusing movant's motion for change of judge; and (6) the second Rule 29.15 motion was not a successive motion. We affirm.

Movant filed his *pro se* Rule 29.15 motion on February 4, 1988.[1] On March 17, 1988, the court appointed the public defender's office to represent movant. On March 25, 1988, appointed counsel withdrew and private counsel entered his appearance. Counsel requested a change of judge which the court granted. On April 12, 1988, the

---

1. Movant asserts that the *pro se* motion was mistakenly filed by a "jailhouse paralegal."

cause was assigned to Judge Charles Kitchen.

Pursuant to Rule 29.15(f) counsel had thirty days from the date he entered his appearance to file an amended motion. The rule provides for an additional thirty days, but the court expressly stated that it did not extend the filing period the thirty days nor was it requested to do so. Therefore any amended motion filed after April 25, 1988, would have been out of time. On May 26, 1988, the day after the second thirty day period would have run, the court informed counsel that the time for filing an amended motion or to request an evidentiary hearing had expired and that the court intended to hold a hearing on June 10, 1988, as to whether movant's *pro se* motion stated a cause of action.

On June 3, 1988, movant filed a motion to dismiss his case without prejudice. On June 10, 1988, counsel appeared before the court and argued that Rule 67.01 permitted him to voluntarily dismiss his motion without prejudice. Counsel further asserted that the *pro se* motion alleged facts entitling him to relief. The court issued its findings on June 14, 1988, ruling Rule 67.01 could not be used to obtain a voluntary dismissal in a postconviction proceeding and that movant's *pro se* motion did not state a claim for relief under Rule 29.15. On June 29, 1988, movant filed a second Rule 29.15 motion and requested a change of judge. The court regarded the motion as a successive motion and dismissed it pursuant to Rule 29.15(k).

■ In his first point movant argues that the trial court erred in refusing to allow movant to file an amended motion or procure an evidentiary hearing. Movant asserts that under the peculiar facts of this case the trial court abused its discretion in entering its order without having previously notified movant's counsel that the case had been assigned to a division. Movant also points to the fact that the "paralegal" who assisted movant in preparing his *pro se* motion allegedly, mistakenly sent the motion to the circuit court to be filed. This fact is of no significance, however, since counsel entered his appearance on March 25, 1988, and was aware that the *pro se* motion had been filed.

Rule 29.15(f) provides:

Any amended motion ... shall be filed within thirty days of ... the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Movant asserts that the court's axiomatic application of the Rule 29.15 time constraints violated due process. Movant argues that due process required the court to notify counsel that it intended to rule on the matter at a certain time in order to permit counsel to amend the motion and provide an opportunity to be heard. Our Supreme Court recently addressed this question in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989).

In *Day*, the Supreme Court considered seven consolidated appeals in which the movants appealed the dismissals of their Rule 24.035 and Rule 29.15 motions because they were not timely filed. In the case of Lorenzo Barnes, the public defender appointed to represent Barnes attempted to file an amended Rule 29.15 motion five days after the two thirty day periods had expired pursuant to Rule 29.15(f). The trial court overruled the motion to file the amended motion since the amended motion was filed out of time. On appeal this court affirmed holding that the time constraints of Rule 29.15(f) are mandatory and must be strictly followed. *Barnes v. State*, No. 54871, slip op. at 2 (Mo.App., E.D. Jan 24, 1989). On transfer the Supreme Court held that the time constraints of Rule 29.15 are valid and mandatory. *Day*, at 695.

We find no significant differences between the facts in *Barnes* and the case before us. Counsel filed an amended motion more than three months after he entered his appearance in the case, well beyond the time provided for in the rule to file an amended motion. The fact that the *pro se* motion may have been mistakenly filed is of no significance. Counsel knew that the *pro se* motion had been filed at the

time he entered his appearance. Counsel was also put on notice by the rule that he had thirty days to amend the motion. The trial court correctly refused to allow movant to file an amended motion. *Day*, at 696.

Likewise movant's request for an evidentiary hearing was filed out of time. Rule 29.15(g) provides:

A request for a hearing shall be made by motion on or before the date an amended motion is required to be filed.... *If no request for hearing is timely filed ... a hearing shall not be held.*

(emphasis added). Movant failed to request an evidentiary hearing within the time constraints of Rule 29.15(g), therefore the trial court correctly refused to hold a hearing. *Day*, at 695–696. Rule 29.15 establishes detailed procedures and imposes time constraints. Rule 29.15(g) embodies due process protections formerly provided in postconviction actions by caselaw. These time constraints are consistent with due process and must be strictly followed and consistently enforced to allow the orderly conduct of postconviction relief proceedings. *See Chatman v. State*, 766 S.W.2d 724, 726 (Mo.App., E.D.1989) (applying Rule 24.035(g) which is identical to Rule 29.15(g)). The trial court correctly denied an evidentiary hearing. Movant's first point is denied.[2]

■ In his second point, movant argues that the trial court's refusal to allow him to file an amended 29.15 motion effectively suspended his right to petition for a writ of habeas corpus in violation of the Missouri Constitution, Article I, § 12. But "[t]he suspension of the writ which is prohibited means an absolute denial of the right to demand an investigation into the cause of detention." *Wiglesworth v. Wyrick*, 531 S.W.2d 713, 717 (Mo. banc 1976) (quoting 39 C.J.S. *Habeas Corpus* § 123). The application of the time constraints of Rule 29.15 do not constitute an absolute denial of the right to demand an investigation into the cause of detention. Rather the rule provides procedures by which a prisoner may bring his action. Thus our inquiry focuses on whether the procedures are reasonable and effective. *Wiglesworth*, 531 S.W.2d at 720. We believe the procedures set forth in Rule 29.15 are reasonable and provide ample time and opportunity to effectively pursue an investigation into the cause for detention. Point denied.

■ Movant next argues that the trial court erred in ruling on his *pro se* motion when counsel had filed a motion to voluntarily dismiss the *pro se* motion without prejudice pursuant to Rule 67.01. The court informed counsel on May 26, 1988, that time had expired for filing an amended motion. On June 3, 1988, counsel filed a motion to voluntarily dismiss without prejudice. The court took up this matter at the June 10, 1988, hearing. On June 14, 1988, the court ruled that Rule 67.01 did not apply to motions filed pursuant to Rule 29.15. The court found that permitting such dismissals would allow a party to circumvent the time constraints set forth in Rule 29.15 and render the time limits meaningless.

This question has been considered by the Western District of the Court of Appeals in the context of former Rule 27.26 proceedings. The court concluded "that from the time of appointment of counsel and subsequent thereto, Rule 67.01 has no applicability in a 27.26 proceeding." *Cawthon v. State*, 614 S.W.2d 262, 265 (Mo.App., W.D. 1980). The court reasoned that the language contained in former Rule 27.26(a) limited the applicability of the Rules of Civil Procedure in a Rule 27.26 proceeding. *Id.* at 264–65. The court determined that Rule 27.26 must take precedence over all other Rules of Civil Procedure. *Id.*

We believe this holding equally applies to Rule 29.15 proceedings. Rule 29.15(a) contains the same limiting language as former Rule 27.26(a) and the rationale espoused in *Cawthon* for holding Rule 67.01 inapplicable to postconviction proceedings equally applies to Rule 29.15 proceedings. And, as

---

**2.** Movant asserts that the trial court could have enlarged the time periods pursuant to Rule 44.01(b). We note that movant made no request pursuant to Rule 44.01(b) nor did he make a showing of excusable neglect.

pointed out by the trial court, an additional reason exists for not applying Rule 67.01 in Rule 29.15 proceedings. A voluntary dismissal could be used to circumvent the time constraints set forth in Rule 29.15(f). We do not believe that Rule 67.01 should be used to frustrate the policy of prompt and orderly resolution embodied in the Rule 29.15 procedures. This point is denied.

■ Movant next argues that the trial court erred in overruling his *pro se* Rule 29.15 motion in that the motion placed the issue of counsel's deficient performance before the trial court. In his *pro se* motion movant alleged ineffective assistance of counsel for failing to call Carol Boston as an alibi witness. On appeal movant argues that counsel presented evidence of alibi for the wrong day. We will not entertain an argument on appeal that was not contained in the motion before the trial court. *Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App., E.D.1983). As to the allegation raised in the motion, the trial court correctly ruled that movant failed to allege facts entitling him to relief since he did not allege that counsel was informed of the witness' identity nor did movant state what the proposed witness' testimony would be. *See Manning–El v. State*, 740 S.W.2d 312, 313 (Mo.App., E.D.1987).

■ Movant next asserts that the trial court erred in refusing his motion for change of judge which was filed with his second Rule 29.15 motion on June 29, 1989. Movant asserts that the motion constituted a new pleading and he was entitled to a change of judge pursuant to rule 51.05. Rule 51.05(d) entitles a party to one change of judge. Movant had already requested and received a change of judge in April on movant's *pro se* motion. Movant was not entitled to a second change of judge simply because he had received adverse rulings from the trial court. Point denied.

In his final argument, movant asserts that the Rule 29.15 motion filed on June 29, 1989, was not truly a successive motion because the original motion was mistakenly filed. As we stated above, movant's allegation that the *pro se* motion was mistakenly filed is of no consequence because

counsel entered his appearance with full knowledge that the *pro se* motion had been filed and with notice that he had thirty days to file an amended motion. The record clearly reveals that movant filed a Rule 29.15 motion on February 4, 1988, and filed another Rule 29.15 motion on June 29, 1988. Whether this second motion was an amended motion or a successive motion, either would be precluded by Rule 29.15 Movant was out of time to file an amended motion and Rule 29.15(k) prohibits the filing of successive motions under any circumstances. The trial court correctly dismissed the second motion.

Having found no error, the judgment of the trial court is affirmed.

GRIMM, P.J., concurs.

KAROHL, J., concurs in result.