**Michael Lee WATSON, Appellant,**

v.

**STATE of Missouri, Defendant.**

**No. 56076.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 8, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 6, 1989.

Application to Transfer Denied Nov. 14, 1989.

W. Michael Hamilton, Mexico, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Michael Lee Watson, sought post-conviction relief under Rule 29.15. He filed a pro se motion on June 29, 1988. On July 6, 1988, the court appointed counsel to assist movant. On July 7, 1988, the state filed a motion to dismiss on grounds the motion: (1) stated conclusions, not facts as required by Rule 29.15; and, (2) consisted of allegations which are refuted by the record at trial and furnished to this court for purposes of direct appeal. In summary, the motion to dismiss alleged that the motion did not state a cause of action under Rule 29.15. On July 23, 1988, appointed counsel withdrew. Subsequently, the court received notifications of new counsel on September 1, 1988, September 15, 1988, October 20, 1988 and, finally, October 26, 1988. Each notice informed the court new (replacement) counsel was entering the case for movant. On the latter date, appellate counsel entered his appearance in the trial court on behalf of movant. On November 21, 1988, counsel filed a motion to file an amended motion out of time, or alternatively, to file within the thirty day time limit calculated from October 20, 1988, "when [current] counsel was appointed to the case." A First Amended Motion to Vacate under Rule 29.15 was "lodged" when the motion to file out of time was filed. On January 9, 1989, the court denied movant's request to amend because an amended motion would be untimely. It also ruled, "state's motion to dismiss the original motion is sustained as the motion is conclusory."

■ The motion court did not err in finding that an amended motion under Rule 29.15 was untimely when offered to the court on November 21, 1988. Rule 29.15(f) allows a maximum of sixty days after appointment of counsel. Counsel was first

appointed on July 6, 1988. This court has twice held that the provisions of Rule 29.-15(f) are mandatory and must be strictly followed. *Freddie Mack v. State,* 775 S.W.2d 288 (Mo.App., E.D.1989); *Barnes v. State,* No. 54871, slip op. at 2 (Mo.App., E.D. January 24, 1989). The Missouri Supreme Court held that the time constraints of Rule 29.15 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

▪ We review dismissal of a Rule 29.15 motion to determine whether the findings and conclusions of the motion court are clearly erroneous. *Id.* The finding and conclusion that movant's pro se motion alleged only conclusions, not facts, is supported by observation of paragraphs 8(a), (b) and (c). Neither paragraph 8 nor paragraph 9, or subparagraphs of either, states factual grounds for vacating or correcting the conviction and sentence. Generally, the allegations are conclusions that: (a) defense counsel conspired against movant; (b) prior convictions were unconstitutional and should not have been considered to impeach defendant or to permit prior and persistent enhanced sentencing; and (c) the prosecutor used perjured testimony. There were no supporting specifics alleged. The finding of the trial court that these were pure conclusory pleadings is fully supported by reference only to the motion.

▪ A claim of error that movant was entitled to an evidentiary hearing fails for two reasons: (1) no timely request for a hearing was made on or before the date an amended motion was required to be filed, thus, a hearing is prohibited by Rule 29.-15(g); and, (2) there were no facts in dispute under the pleadings requiring resolution at an evidentiary hearing.

▪ Movant's claim attacking constitutionality of Rule 29.15 is without merit. *See, Wiglesworth v. Wyrick,* 531 S.W.2d 713, 716–22 (Mo. banc 1976), which resolved the issue of whether Rule 27.26 suspended the writ of habeas corpus against movant's claim now asserted against Rule 29.15. The supporting argument that the time limitations contained in Rule 29.15 are pro-

hibited by constitutional guarantees was ruled in the negative by our Supreme Court in *Day v. State,* 770 S.W.2d at 695.

▪ In an amended brief movant also claims the trial court was not qualified to rule on the pro se motion for relief. He now claims one ground for relief was that defense counsel "worked with prosecutor *and judge* to obtain conviction." (Our emphasis). Neither movant nor any of the several appointed counsel suggested judicial disqualification by reason of the conclusory allegation. The amended motion, which the court refused as untimely, detailed this allegation. It asserts that movant informed the court that he wished to represent himself in the defense of the charge but the judge "refused to investigate whether the Movant was capable of representing himself at that point during the trial." In support of this allegation the amended motion charges the trial judge was deficient in not proceeding "through the usual litany of questions which are required of the Movant in investigation of his capability of representing himself in trial."

This claim fails for a number of reasons. First, this matter was considered and rejected in the direct appeal. *State v. Watson,* 716 S.W.2d 398, 401–02 (Mo.App.1986). Second, this claim is an attempt to raise an issue for the first time on appeal. *See, Walker v. State,* 715 S.W.2d 261, 262 (Mo.App.1986). Third, the claim does not suggest how movant was prejudiced by having the benefit of counsel during the trial.

▪ Finally, movant adds an additional issue for the first time on appeal. He now claims that Rule 29.15 is unconstitutional as applied to this case, where the conviction was obtained prior to January 1, 1988, because application of the Rule is retrospective, thus violating *ex post facto* clauses of both the United States and Missouri Constitutions. We reject this claim. First, it was not made before the trial court. *See, Griffin v. State,* 684 S.W.2d 425, 428 (Mo.App. 1984); *State v. Hyde,* 682 S.W.2d 103, 105 (Mo.App.1984), *cert. denied,* 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985). Second, it was not raised at the earliest oppor-

tunity. *Griffin*, 684 S.W.2d at 428; *Hyde*, 682 S.W.2d at 105. Third, constitutionality of the rule was ruled in *Day v. State*, 770 S.W.2d at 695.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.