**Johnny Dale MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42398.**

Missouri Court of Appeals, Western District.

March 20, 1990.

Mark A. Kennedy, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Johnny Dale Miller entered a plea of guilty to felony assault first degree and was sentenced to five years imprisonment. Miller timely filed a motion under Rule 24.035 to set aside the sentence. The court dismissed the motion without entering findings of fact and conclusions of law on the issues presented by the motion. Miller contends the court erred in dismissing his motion. Reversed and remanded.

Miller entered his plea of guilty on February 27, 1989. Thereafter, the family of Miller contacted Mark A. Kennedy, an attorney in Poplar Bluff, and gave Kennedy the filing fee for a motion under Rule 24.035. In his brief, Kennedy states that he "typed" the motion, but an examination of the motion makes it clear that Kennedy in fact drafted the motion. Kennedy states in his brief that he took the motion to Cameron where Miller was incarcerated and had Miller sign it and Kennedy notarized the signature. Kennedy drove to Boonville and filed the motion and gave his firm's check for the filing fee.

Kennedy further states in his brief that he made several telephone calls to the prosecuting attorney, to the court, and to prosecuting witnesses in an attempt to obtain an early release of Miller. Kennedy further states that when it became apparent that he was not going to be able to obtain an early release for Miller he wrote the clerk in Boonville requesting dates on which the motion could be heard. On July 24, 1989, Kennedy wrote to the prosecuting attorney in an attempt to obtain the dates on which the prosecutor would be available for a

hearing on the motion. The prosecutor did not respond to the letter but on August 10, 1989, filed a motion to dismiss the motion on the ground that Rule 24.035(g) had not been complied with. Rule 24.035(g) requires a request for a hearing on the motion to be made on or before the date an amended motion is required to be filed. Rule 24.035(f) requires an amended motion be filed within thirty days of the date counsel is appointed or the entry of appearance of counsel that is not appointed.

The court sustained the motion to dismiss. Miller contends first that the court should have held a hearing on the motion because Kennedy did not file an entry of appearance prior to the time the motion was dismissed.

The record reveals that Kennedy did not sign the motion but he filed a formal entry of appearance after the motion was dismissed. However, Kennedy freely admits in his brief that he represented Miller, prepared the motion, had Miller. sign the same, and notarized it. He thereafter filed the motion with the clerk and paid the filing fee with his own funds. Thereafter Kennedy attempted to obtain early release for Miller. Under these facts it cannot be denied that Kennedy, in fact, represented Miller in the preparation and filing of the motion. The question becomes whether Rule 24.035(f) requires a formal entry of appearance to be filed or whether a de facto entry will suffice. The time limitations in Rule 24.035 are reasonable and serve "the legitimate end of avoiding delay in the processing of a prisoners claims and prevent the litigation of stale claims." *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989). While an entry of appearance is ordinarily accomplished by an attorney signing a pleading, this does not preclude a de facto entry of appearance. The purpose of the time limitations in Rule 24.035 would be defeated by allowing an attorney to represent a movant in fact, but require a formal entry of appearance before the time for requesting a hearing is triggered. To so hold would allow an attorney to delay requesting a hearing until it suited his client's purpose. The time constraints in

Rule 24.035 should not be so easily thwarted. In this case Kennedy represented Miller in his motion under Rule 24.035. By drafting and filing the motion Kennedy made a de facto entry of appearance and the time within which a hearing could be requested began to run on the date Kennedy filed the motion. When a request for a hearing was not timely filed, the court was not required to hold a hearing. Rule 24.-035(g), *Poole v. State*, 768 S.W.2d 237, 238 (Mo.App.1989).

Miller next contends that even if he did not timely request a hearing, the court was not authorized under Rule 24.035 to dismiss his motion. The State contends that Rule 24.035(h) imposes the burden on the movant to prove his grounds for relief by a preponderance of the evidence. The State draws the conclusion that because a hearing was not timely requested and none was held, Miller did not prove his grounds for relief and therefore the court was justified in dismissing the motion.

The State overlooks the requirement of Rule 24.035(i) which states "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held,...." The rule does not authorize a dismissal of a motion for the failure to timely request a hearing. On the contrary, the rule requires the court to enter findings of fact and conclusions of law even if a hearing is not held. Absent a hearing, the court must resolve the issues presented by the motion from the files and record of the case in the same manner the court is authorized under Rule 24.035(g) to deny a hearing if the motion and files and record of the case conclusively show that the movant is not entitled to relief.

Under the facts of this case the court was not required to hold a hearing but it was not authorized to dismiss the motion. The court was required to enter findings of fact and conclusions of law on the issues presented by the motion. The court failed to enter such findings and for that reason the judgment is reversed and this cause is remanded. On remand the court shall en-

ter findings of fact and conclusions of law on the issues presented by the motion.

All concur.