**Fred JORDAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 57424, 57626.**

Missouri Court of Appeals, Eastern District, Division One.

July 24, 1990.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from the denial, without an evidentiary hearing, of a Rule 29.15 motion. Movant seeks to vacate an October, 1987, judgment of two counts of possession of a controlled substance. Movant was sentenced as a class X offender to concurrent fifteen-year terms. *See State v. Jordan*, 778 S.W.2d 283 (Mo.App.1989). Affirmed in part and reversed in part.

On June 2, 1988, movant filed a *pro se* Rule 29.15 motion complaining of trial errors. On June 27, 1988, his appointed lawyer filed an unverified amended motion. The amended motion specifically omitted the trial errors alleged in the *pro se* motion and substituted therefor an ineffective assistance of counsel allegation for his lawyer's failure to object to his sentencing as a

class X offender. On January 27, 1989, the motion court acted upon the amended Rule 29.15 motion by relieving movant's class X offender status.

Movant obtained leave from this court to file a late notice of appeal. Movant asserts the motion court was without jurisdiction to enter the January 27, 1989, judgment since the amended motion was not verified. *Mills v. State*, 769 S.W.2d 469, 470 (Mo. App.1989); *Quinn v. State*, 776 S.W.2d 916, 918[2] (Mo.App.1989); *Batson v. State*, 774 S.W.2d 882, 884[1] (Mo.App. 1989). He further asserts the January 27, 1989, judgment was defective for failure to have findings of fact and conclusions of law on the trial errors alleged in his *pro se* Rule 29.15 motion.

■ There is little question but that the January 27, 1989, judgment was a nullity since it had its genesis in an unverified amended motion. *Id.* It may be of some solace to movant to win this point of law; however, the *pro se* motion can no longer be amended. Rule 29.15(f) (any amended motion under Rule 29.15 shall be verified by movant and shall be filed within thirty days of the date counsel is appointed for him). We can send the matter back to the motion court to make findings of fact and conclusions of law on movant's *pro se* motion, but the law does not require the doing of a useless act. The *pro se* motion only complains of trial error and trial errors are not cognizable in a post-conviction relief motion. *Bevly v. State*, 778 S.W.2d 297, 300[8] (Mo.App.1989). Further, movant has not shown that his claims could not have been raised on direct appeal or that exceptional circumstances are presented so that fundamental fairness permits the claims to now be made. *Price v. State*, 779 S.W.2d 6, 7[2] (Mo.App.1989). This point is denied.

We reverse the January 27, 1989, order of the motion court. We remand for the motion court to enter the following order:

The sentence and judgment of the court so entered on October 16, 1987 in Cause No 861–03604 is modified by striking the following sentence: "The defendant is sentenced as a class X offender of §§ 558.119, RSMo."

In all other respects the sentence and judgment shall stand.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.