**Donald B. NASH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**WD 42344.**

Missouri Court of Appeals,
Western District.

Sept. 25, 1990.

---

Daniel C. Miller, Sp. Public Defender, Jacqueline K. McGreevy, Asst. Sp. Public Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a direct appeal from an order dismissing a Rule 29.15 motion for post-conviction relief. The judgment is reversed and the cause remanded.

Movant, Donald B. Nash, was convicted of burglary, first degree, in violation of § 569.160, RSMo 1978 and forcible rape, in violation of § 566.030, RSMo 1978. His convictions were affirmed on direct appeal, *State v. Nash,* 621 S.W.2d 319 (Mo.App. 1981).

Movant presents two points, charging the hearing court erred in dismissing his Rule 29.15 motion without an evidentiary hearing and in failing to enter findings of fact and conclusions of law because his motion pleaded sufficient facts.

On June 27, 1988, movant filed a *pro se* Rule 29.15 motion, which included various claims for relief. The motion court appointed counsel to represent him in his action, and gave said counsel an extension of time until October 1, 1988 to file an amended motion. However, the amended motion was not filed until October 7, 1988.

In the amended motion, movant asked for an evidentiary hearing on his claims. Then, on May 4, 1989, he filed a separate motion requesting an evidentiary hearing. On May 23, 1989, the motion court dismissed movant's Rule 29.15 motion without an evidentiary hearing. This appeal followed.

Movant presents two points which, in summary, charge the hearing court erred (1) in overruling his motion without an evidentiary hearing, because he sufficiently pleaded a cause of action relative to ineffective assistance of counsel because counsel did not allow him to testify on his own behalf; and (2) in failing to issue findings of fact and conclusions of law as required by Rule 29.15(i).

Movant's point (1) is without merit as the record clearly reveals that his request for an evidentiary hearing was not made in conformity with Rule 29.15(g) and thus, his point (1) is denied.

Movant's point (2) asserts the hearing court erred in failing to enter findings of fact and conclusions of law as prescribed by Rule 29.15(i). In this contention, movant is correct.

Under the facts and circumstances herein, the hearing court was not required to conduct an evidentiary hearing, but at the same time it was not authorized to dismiss the motion. The hearing court was obligated under Rule 29.15(i) to enter findings of fact and conclusions of law on the issues presented by the motion. The record shows no such findings or conclusions were entered. This court has ruled that such findings and conclusions are mandatory. *Miller v. State,* 786 S.W.2d 189, 190 (Mo. App.1990).

The judgment herein is reversed and this cause remanded. On remand, the hearing court shall not be required to conduct an evidentiary hearing, but it shall enter findings of fact and conclusions of law on the issues presented by the motion in conformity with Rule 29.15(i) as interpreted by this court in *Miller, supra.*

All concur.