**STATE of Missouri, Plaintiff,**

v.

**Edward F. MEYERS, Defendant.**

**Edward F. MEYERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56439, 57902.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 19, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 9, 1992.

Application to Transfer Denied
July 21, 1992.

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

This court remanded *State v. Meyers,* 811 S.W.2d 400 (Mo.App.1991) to the circuit court for the purpose of re-examining defendant's *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) challenge to the jury. We there held that defendant, a white man, had standing to make a *Batson* challenge on the authority of *Powers v. Ohio,* — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). We found remand necessary because the state offered no explanation of its peremptory strikes of black venire members after the court ruled *Batson* did not apply unless "all blacks have [been] eliminated by the exercise of all peremptory strikes on the

part of the state." *Id.* We reserved a decision on other appeal issues pertaining to denial of Rule 29.15 relief. On remand the court held a hearing, considered the state's explanations and denied defendant's challenge. That decision has been appealed.

We first consider whether the court erred in accepting the state's explanations as a basis for finding peremptory strikes were racially neutral under *Batson* and *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), and cases following *Antwine.* This is the only issue on direct appeal from defendant's conviction and sentence on the charge of illegal possession of cocaine. We will also consider other issues raised in the original appeal challenging denial of post conviction relief under Rule 29.15.

## THE BATSON ISSUE

This case was tried to a jury consisting of seven white and five black jurors. The prosecutor exercised four of six peremptory challenges to strike black venirepersons. An alternate pool consisted of three venirepersons, two black and one white. The prosecutor struck a black; defense counsel a white. This resulted in a black alternate juror. The alternate apparently did not serve on the final jury. For this reason failure of the trial court to require explanations from the prosecutor on the peremptory strikes involving the alternates is irrelevant. Defendant was not prejudiced in that regard.

We adopt the brief statement of facts regarding the charge, the proof and the proceedings as reported in *State v. Meyers, I.* We consider the facts developed on remand in the context of those facts and focus on the issue of whether the court erred in overruling the *Batson* challenge after a hearing because the explanations for peremptory strikes of four jurors were pretextual.

■ Credibility is a matter for the trial court, *Hernandez v. New York,* — U.S. —, 111 S.Ct. 1859, 1869, 114 L.Ed.2d 395

(1991), and we review to determine whether the decision is clearly erroneous. *State v. Griffin,* 756 S.W.2d 475, 482 (Mo. banc 1988), *cert. denied,* 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1989). If the trial court's decision is plausible in light of the record reviewed in its entirety this court may not reverse it even if it would have found differently had it been sitting as the trier of fact. *Antwine,* 743 S.W.2d at 66, citing *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

█ The prosecutor struck black venire member Catherine Anderson for two reasons. First, she answered her nephew was on drugs three years before and later underwent rehabilitation when asked if there were any victims of crime on the panel. The prosecutor reasoned her attitude, that a drug user is a victim of crime, was not favorable for the state given that the charge here is drug possession. Second, she was employed as a nurse's aid at the Veteran's Administration Medical Center where defendant received treatment.

Defendant challenges the trial court's acceptance of these explanations because: (1) a white venireperson, Sophie Rehagen, was acceptable to the prosecutor although she too had a nephew who at one time was in trouble due to the use of marijuana and underwent drug rehabilitation; and (2) venireperson Anderson was a clerk, not a nurse, at the VA Hospital and the prosecutor omitted any voir dire regarding her employment as a hindrance to her ability to serve.

We find the prosecutor's explanations reasonably specific and racially neutral. We have considered defendant's arguments against approving the state's choice to strike venireperson Anderson, in relation to other venirepersons and jurors regarding their race, their connection with a relative involved in the use of drugs, when that use occurred, the nature of their employment, and the other reasons put forth by the prosecutor. There was evidence from which the court *could* have found the explanation for striking venireperson Anderson pretextual. However, that find-

ing is not compelled by the evidence. Peremptory strikes are by nature subjective; counsel is free to exercise challenges based on hunches when evaluating a venireperson's attitude. *Batson* 743 S.W.2d at 65. There was sufficient factual support for a finding the prosecutor's decision was made for nonracial reasons. The prosecutor struck both venirepersons who worked at the VA Hospital. The two venirepersons who the prosecutor did not strike who had relatives using drugs did not also have some other factor raising concern with the prosecutor. Moreover, no other venireperson with a relative who used drugs indicated the drug user was a victim of crime. This attitude together with venireperson Anderson's suspect employment in relation to defendant was sufficient to support the finding of the trial court that the strike was not pretextual.

█ Defendant argues the prosecutor's explanations for striking black venireperson Elizabeth Altman were pretextual. The explanations for the strike were that Altman believed a police officer was as likely to lie as any other witness and she was a teacher with the Board of Education. Although the connection between these explanations and the motive to strike may not be obvious, the explanations are not without meaning and clearly not racially based.

The prosecutor offered explanations for striking black venirepersons Pamela Mitchell and Wanda Brown. Defendant does not now argue these explanations were insufficient or pretextual.

Defendant alludes to the fact the court summarily decided the *Batson* issue at the time of the hearing which was insufficient to satisfy the requirement that the court "assess the entire milieu of the voir dire objectively and subjectively," citing *State v. Antwine,* 743 S.W.2d 51, 65–66 (Mo. banc 1987). It is unnecessary to observe that the subject matter before the trial court was serious and important to both parties. This court has no reason to believe that the hearing before the trial court or its ruling was not carefully considered, irregular or suspect because the issues were decided quickly. On the contrary, in the absence of

a record to support the complaint we find the suggestion presumptuous.

■ Defendant also claims it was improper for the trial court to consider the final composition of the jury, seven whites and five blacks, in ruling on the *Batson* challenge. On the contrary the final composition of the jury is a factor which the court may consider in weighing and evaluating the offered explanations. *See State v. Robinson,* 811 S.W.2d 460, 462–463 (Mo. App.1991).

We hold that the trial court complied with the mandate of our first opinion. The findings and conclusions of the trial court on defendant's *Batson* challenge are not clearly erroneous.

## RULE 29.15 ISSUES.

The court denied defendant's motion for post conviction relief without an evidentiary hearing. Defendant claims a right to a hearing because the issues raised in his motion cannot be disposed of summarily under Rule 29.15. Defendant raised this issue in his original appeal and he now renews the claim. The state contends defendant was not *entitled* to an evidentiary hearing because he failed to request a hearing within sixty days after the appointment of post conviction counsel on July 27, 1989. A request for a hearing and an unverified amended motion were filed on Wednesday, September 27, 1989, sixty-two days after appointment of counsel.

■ We first dispose of three of four Rule 29.15 issues. A motion under Rule 29.15 must allege facts showing a basis for relief in order to entitle movant to an evidentiary hearing. *Pollard v. State,* 807 S.W.2d 498, 501 (Mo. banc 1991). Allegations of trial court error, reviewable on direct appeal, are not cognizable in a post conviction motion. *Jordan v. State,* 792 S.W.2d 698, 699 (Mo.App.1990). Two of defendant's Rule 29.15 allegations are claims that the motion court erred: (1) in not issuing findings and conclusions on defendant's claim that the "trial court erred" during the motion to suppress hearing; and (2) by rejecting an argument the *trial* court

erred in relying on defendant's failure to testify as supporting an order overruling defendant's motion to suppress the illegally seized drugs which defendant possessed. These claims are not cognizable under Rule 29.15.

One other claim was insufficiently pled. Defendant's allegation of ineffective assistance of counsel for failure to call Officer Wurm in support of his motion to suppress fails because it hypothetically pleads that if called, Officer Wurm would have testified defendant did not throw down a packet containing cocaine. He actually alleges *"if* officer [sic] Wurm has any integrity for the truth his testimony would have been" favorable to defendant's Motion to Suppress based on his claim of illegal search. (Our emphasis). On this allegation the motion court found, "this is a mere unsupported conclusion." We agree.

■ The final claim requires consideration of whether defendant's request for an evidentiary hearing was timely. Defendant claims the *amended* motion and the request for evidentiary hearing were timely by the following computation. Counsel was appointed on July 27, 1989. The original thirty-day period allowed in Rule 29.-15(f) expired on August 26, 1989, a Saturday. On August 28, 1989, the court allowed defendant an additional thirty days to file an amended motion. The motion and request for an evidentiary hearing were filed within the extended time allowed by the trial court, but two days beyond sixty days. Defendant emphasizes the filing was within the thirty days allowed by the rule, extended by Rule 44.01(a), plus the additional thirty days. The state relies on a literal interpretation of the rule by arguing the rule allows no more than sixty days.

The request for an evidentiary hearing was required by the due date of an amended motion. Rule 29.15(g). The amended motion was due within thirty days after appointment of counsel unless extended by the trial court for not more than one additional period, not to exceed thirty days. *See Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied,* 493 U.S. 866, 110 S.Ct.

186, 107 L.Ed.2d 141 (1989). The provisions are mandatory and jurisdictional; they may be raised at any time. *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990) *cert. denied*, —— U.S. ——, 111 S.Ct. 2044, 114 L.Ed.2d 128 (1991); *State v. Collins*, 816 S.W.2d 257, 264 (Mo.App.1991). These rules are not decisive on the issue of timeliness.

In the alternative defendant argues that if the request for an evidentiary hearing was untimely then a remand is required because the court must determine whether the late filing of the unverified amended motion and request for hearing were *solely the fault of appointed post conviction counsel. See Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). We do not reach this issue. For different reasons we remand to the motion court for a hearing. Judges Smith and Ahrens find the motion was timely filed. I find there must be a remand whether the request was timely or not, because: (1) the well-pleaded fact issue cannot be decided without a hearing; and (2) the record would only support a finding counsel was ineffective.

Defendant alleged in his verified *pro se* motion for 29.15 relief that the motion to suppress heard before trial was overruled because:

[His trial counsel] told me that my testimony and my prior convictions would be brought up at my trial if I took the witness stand at the motion to suppress. She failed to inform me that my prior convictions and testimony could only be used at my trial if I took the witness stand at my trial. Had I been informed correctly on taking the witness stand, I would of (sic) taken the witness stand at the motion to suppress.... [The motion to suppress judge] denied my motion to suppress evidence. He called my public defender ... over to the side of the bench and explained to [her] the reason he denied my motion to suppress. The reason [the judge] said was that he wanteu to hear from me. Meaning [the judge] wanted me to take the witness stand. [He] also said that my witness Mark Bivens was a reliable witness and that he believed him.... Mr. Bivens testified that he seen me get out of my car and he didn't see me throw anything down on the ground. Mr. Bivens also testified that he seen my pants opened and officer Slayton reaching into my pants. [The judge] denied my motion on the grounds of me not taking the witness stand.

The factual issue at the time of the motion to suppress was whether two cocaine capsules were illegally seized when defendant was stopped after being observed driving an automobile with expired plates. Officer Slayton was accompanied by his partner, Officer Wurm. Officer Slayton testified defendant dropped a packet containing cocaine tablets on the ground. Defendant called an employee of the business on whose parking lot he stopped his automobile. The witness, Mr. Bivens, testified as described in defendant's Rule 29.15 motion. On the record the court denied the motion after saying:

There is a very close question under the circumstances and Mr. Bivens is a credible witness as is the police officer. However, Mr. Bivens indicated that he wasn't watching all the time and he turned his focus away two or three minutes, and I noted that you inquired of Mr. Meyers whether or not he wanted to testify and it appeared that he did not. So, as far as the court is concerned *that resolves that issue* and the court is denying your motion. (Our emphasis).

Defendant has alleged facts which are not refuted by the record on an issue which may be prejudicial to the defense. If counsel advised defendant that his testimony during a motion to suppress hearing would expose his criminal record to a jury during trial, and if defendant failed to testify solely on the account of this advice, and if the motion to suppress was denied because defendant did not testify, then defendant is entitled to an evidentiary hearing. Such advice would be ineffective assistance, if given, and if prejudicial.

The motion court denied defendant relief on this issue. It found:

There is nothing in the record to support this allegation. At the very least, if Movant-defendant took the witness stand during his Motion to Suppress Evidence hearing, the Court could and would take into consideration his prior convictions insofar as any credibility to Movant-defendant's testimony. With the Movant-defendant's record introduced at trial, it is unlikely that the Motion to Suppress Evidence hearing judge would have believed Movant-defendant or that the decision would have been different.

The motion court may not have had access to a copy of the transcript of the motion to suppress hearing. Nothing in the record of the hearing refutes the truth of the allegations. In fact, there is support in the record sufficient to require a finding of fact on whether defendant was given erroneous legal counsel which he followed, and which resulted in denial of his motion to suppress. Certainly, his prior convictions and his obvious interest in the outcome of the motion were proper considerations in determining his credibility during the motion to suppress proceedings. However, the judge deciding the motion to suppress expressed a finding that the independent witness was credible. He also made a statement which could be interpreted to mean he considered defendant's failure to testify as a basis for denying the motion. There may be evidence that such an interpretation is incorrect.

Judges Smith and Ahrens conclude the request for hearing was timely under the following analysis. A proper interpretation of Rule 29.15(f) indicates defendant's amended motion and request for an evidentiary hearing were timely filed. Rule 29.-15(f) provides, in pertinent part:

> Any amended motion shall be verified by movant and shall be filed within *thirty days* of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for *one additional period* not to exceed *thirty days.* (Emphasis added).

Rule 29.15(g) provides that a request for an evidentiary hearing shall be made by motion on or before the date an amended motion is required to be filed. Thus, the time limitations governing the filing of amended motions also govern the filing of requests for an evidentiary hearing.

Here, counsel was appointed on July 27, 1989. Thirty days from that date was Saturday, August 26, 1989. Therefore, in accordance with Rule 44.01(a), the first thirty-day period specified in Rule 29.15(f) expired on Monday, August 28, 1989. The motion court specified this date as the date by which defendant's counsel was required to file an amended motion and/or request for an evidentiary hearing.

On August 28, 1989, defendant requested and was granted an "additional thirty days to and including 9/27/89" to file an amended motion and request for a hearing. Defendant filed his motion and request on Wednesday, September 27, 1989.

In computing any period of time allowed by the rules, the last day of the period is to be included, unless it is a Saturday, Sunday, or legal holiday, in which case the period runs until the end of the next day which is neither a Saturday, Sunday, or legal holiday. Rule 44.01(a). The state concedes that Rule 44.01(a) applies to motions for post conviction relief. However, the state argues that Rule 29.15(f) and (g) require a movant to file an amended motion and request for evidentiary hearing within an "absolute" *sixty* days from the date counsel is appointed, and that Rule 44.01(a) can operate to extend the filing period beyond sixty days only if the *sixtieth* day after appointment of counsel is a Saturday, Sunday, or legal holiday.

In so arguing, the state adopts a strained interpretation of Rule 29.15. Contrary to the state's argument, the rule expressly contemplates two *thirty*-day periods, not a single, "absolute" sixty-day period. Some cases do speak of a "maximum" sixty day period in which to file an amended motion and request for evidentiary hearing. *See Day v. State,* 770 S.W.2d 692, 696 (Mo. banc 1989); *Watson v. State,* 778 S.W.2d 662, 663 (Mo.App.1989). However, none of those cases specifically addresses the situation presented here, wherein a movant's

motion and request for hearing were filed more than sixty days after appointment of counsel because the operation of Rule 44.-01(a) extended the first thirty-day period beyond the thirty days specified in Rule 29.15.

In *Mack v. State*, 775 S.W.2d 288, 290 (Mo.App.1989), this court computed the time for filing movant's amended motion in accordance with the interpretation of Rule 29.15 defendant now urges. Defense counsel in *Mack* entered his appearance on March 25, 1988. *Id.* at 289. Thirty days from that date is Sunday, April 24, 1988, but the court specified that any amended motion filed after April *25*, 1988, was out of time. *Id.* at 290. Implicitly, the court applied Rule 44.01(a) to the computation of the first thirty-day time period. Further, the court identified Wednesday, May 25, 1988, as the date on which the second thirty-day period would have run—*sixty-one* days after counsel's entry of appearance. *Id.* (identifying May 26, 1988, as the day *after* the second thirty-day period would have run.) *Mack* refutes the state's contention that Rule 29.15(f) and (g) contemplate an "absolute" sixty-day time period after appointment of counsel in which a movant may file an amended motion and request for hearing.

Essentially, the state argues that if Rule 44.01(a) operates to extend the computation of the first thirty-day period of Rule 29.-15(f) and (g) beyond thirty days, a movant seeking to utilize the second thirty-day period may not be granted a full thirty-day extension, but only whatever time is remaining of the "absolute" sixty-day period. Nothing in Rule 29.15 supports this interpretation, nor does the state cite us to any caselaw in support of this view. Any ambiguity in Rule 29.15(f) should be resolved in favor of full review of the points presented by the *pro se* and amended motions. This was done in *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990). A finding defendant's amended motion and request for a hearing were timely does not adopt a liberal view of the strict time requirements of the rule; rather, it recognizes that in this case, defendant complied with such requirements.

I concur with the result that a hearing is required but for a reason not adopted by Judges Smith and Ahrens. I find the provisions of Rule 29.15(i) may require a hearing even though movant has no entitlement to a hearing because no request is timely made. *See Miller v. State*, 786 S.W.2d 189, 190 (Mo.App.1990). (Strictly speaking, the rule recognizes movant had no *"right"* to a hearing, it may be denied. Rule 29.15(f).) The basis for denial of a timely requested hearing is the ability to decide the case without a hearing. The implication is that the court may elect to hold a hearing not requested or not timely requested in order to comply with Rule 29.15(i). From this I conclude a necessary hearing is not prohibited by the rule.

The conviction and sentence is affirmed. We remand to the trial court for an evidentiary hearing only on the issues of whether defense counsel advised defendant that his testimony in support of a motion to suppress would expose his prior convictions to a jury during trial, whether defendant failed to testify solely on the basis of this advice and whether defendant's failure to testify was a factor in denial of the motion to suppress.

SMITH, P.J., concurs.

AHRENS, J., concurs in result in separate concurring opinion.

AHRENS, Judge, concurring.

As set forth in the majority opinion, I find that the amended motion and request for an evidentiary hearing were timely filed. Nevertheless, I write this separate concurring opinion to urge a strict interpretation of Rule 29.15's time requirements.

Rule 29.15(g) provides:

If no request for hearing is *timely* filed *or* if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, *a hearing shall not be held.* (Emphasis added).

In my view, this language prohibits a motion court from holding a hearing that is not requested or not timely requested. This is true regardless of the language in Rule 29.15(i) requiring a court to make findings of fact and conclusions of law "on all issues presented."

With this clarification, I concur in the result.