STATE of Missouri, Plaintiff/Respondent,

v.

John F. O'CONNELL,
Defendant/Appellant.

John F. O'CONNELL, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 65919, 68445.

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 1996.

Neil J. Bruntrager, Mary P. Schroeder, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

A jury found defendant guilty of second degree assault, § 565.060, RSMo1994. It recommended one year in the county jail and a fine, the amount to be determined by the court. The trial court sentenced defendant to one year and to pay a $1,000 fine. Thereafter, defendant filed a Rule 29.15 motion. The motion court dismissed it because the court found it to be improperly verified.

Defendant appeals. In his first point, he alleges the trial court erred in overruling his objection to the State's Exhibit 10, a hammer, because it was never identified as the weapon used in the assault. In his second point, he alleges the trial court erred in denying his motion for a mistrial because the State repeatedly introduced evidence of defendant's other bad acts and post-arrest silence. We deny these points and affirm the trial court's judgment.

Defendant's other point relates to his Rule 29.15 motion. He alleges the motion court erred in dismissing his motion because it contained a sufficient verification. We agree

and remand to the motion court for further proceedings.*

## I. Background

Defendant and victim worked at the General Motors Assembly Plant in Wentzville. On the morning of July 29, 1990, victim entered a room to look for another employee. Defendant was coming out of the room at the same time.

When victim came back out of the room, defendant was standing at a nearby work bench. As victim walked by defendant, defendant called him a name. Victim turned around and saw a hammer in defendant's hand. Defendant hit victim in the head.

Victim did not remember anything else about the assault. Another employee found him lying face-down in pools of blood. An ambulance took him to the emergency room and a doctor treated him for three lacerations on his head and one on his ear. A C.T. scan revealed a hemorrhage inside victim's skull.

## II. Hammer

■ In his first point, defendant alleges "the trial court erred in admitting into evidence Exhibit 10, a hammer, because it had never been identified as the weapon used in the assault...." He argues the evidence was "not relevant and highly prejudicial."

During the trial, the hammer was identified as one that "was picked up off" the work bench near the scene of the assault. It had blood on it. The emergency room doctor who examined victim testified that the hammer could have caused victim's injuries.

■ The trial court has broad discretion in determining the relevancy of evidence. *State v. Taylor*, 701 S.W.2d 725, 727 (Mo. banc 1985). We will only disturb its ruling upon a showing of abuse of this discretion. *Id.* Moreover, a "weapon with which the crime might have been committed, found near the time and scene of the crime, is relevant to show the means by which the crime was committed." *Id.* at 728. The trial court did not abuse its discretion by admit-

ting the hammer into evidence. Point denied.

## III. Motion for Mistrial

In his second point, defendant alleges the trial court erred in denying his "motion for mistrial when the State repeatedly introduced evidence of other bad acts and post arrest silence, despite adverse rulings...." He argues that "the actions of the prosecutor constituted misconduct and denied [him] a fair trial."

In his brief, defendant points to several times when his trial counsel made objections and asked for mistrials. He admits the "trial court sustained most of the objections." However, he contends the trial court should have gone further and declared a mistrial.

■ The declaration of a mistrial is a drastic remedy and should only be employed in the most extraordinary circumstances. *State v. Sidebottom*, 753 S.W.2d 915, 919–20 (Mo. banc 1988). The trial court is in the best position to determine the prejudicial effect of the incident giving rise to the request for a mistrial. *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985). Therefore, we review the trial court's determination only for abuse of discretion. *Id.*

We have carefully reviewed each instance cited in defendant's brief and find no abuse of discretion. Point denied.

## IV. Rule 29.15 Motion

■ In defendant's final point, he alleges the motion court erred in dismissing his Rule 29.15 motion without an evidentiary hearing. He contends the motion was properly verified and he orally requested a hearing.

Defendant filed a *pro se* motion by filling out the standard form. He answered the questions and signed at the bottom on the line marked "Signature of Movant."

After this signature line, the form contains a verification paragraph. The typed form says, "I, _____, movant in this case, being duly sworn upon my oath state that I have subscribed to the foregoing petition; ..." After the verification paragraph, there is an-

---

* Defendant's counsel on appeal were not his trial counsel.

other line marked, "Signature of Movant." Defendant signed there also.

After this second signature line, the form says, "SUBSCRIBED and SWORN to before me this ___ day of _____, 19__." Then appears a line for the notary public's signature. The notary public signed on the appropriate line. However, it appears that the notary public mistakenly printed her name in the blank space in the verification paragraph, rather than inserting defendant's name.

Because of this mistake, the motion court found, "The Motion filed in the above cause is not properly verified as required by Rule 29.15(D) and ... does not convey any jurisdiction upon this Court to hear the motion...." Rule 29.15(d) says, "The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion."

Although not cited in either brief, *State v. White,* 873 S.W.2d 590 (Mo. banc 1994) governs this issue. In that case, the Missouri Supreme Court decided that a movant's signature on a *pro se* motion is enough to satisfy the verification requirements of Rule 29.15(d). *Id.* at 594. Here, defendant signed his *pro se* motion twice. This is sufficient to comply with Rule 29.15(d).

The motion court also found that defendant did not properly request a hearing. The legal file furnished us does not contain any written motion requesting a hearing. Rule 29.15(g) requires a defendant to make a request for a hearing "by motion on or before the date an amended motion is required to be filed."

In his brief and in the transcript of the oral arguments on the Rule 29.15 motion, defendant's counsel refer to their oral requests for a hearing. They mention affidavits in support of those allegations. However, affidavits are not in the legal file furnished to us. Thus, the record before us does not support defendant's contention that he made "oral motions" for a hearing.

In the absence of a motion, defendant is not entitled to a hearing. *See e.g. State v. Taylor,* 807 S.W.2d 672, 677 (Mo.

App.E.D.1991); *Miller v. State,* 786 S.W.2d 189, 190 (Mo.App.W.D.1990). However, nothing in Rule 29.15 precludes the motion court from conducting a hearing without a request from defendant if it deems a hearing necessary to fulfill its obligation to issue findings and conclusions. *See State v. Meyers,* 832 S.W.2d 318, 324 (Mo.App.E.D.1992).

Rule 29.15(i) requires the motion court to issue findings and conclusions "on all issues presented, whether or not a hearing is held." The motion court did not address the allegations raised in defendant's motion. Therefore, we remand to the motion court.

The trial court's judgment is affirmed. The Rule 29.15 motion is remanded.

REINHARD, P.J., and KAROHL, J., concur.